## G. W. VAN DUSEN & Co. *vs.* C. H. PIPER.

### November 18, 1889.

**Pledge of Grain to Factor for Sale and Application of Proceeds to pay Debt—Commission of Factor—Evidence.**—Bills of lading, issued by railway station agents,—one on December 1st, for a car-load of barley, another on December 3d, for a car-load of wheat,—were delivered to plaintiff, a corporation handling grain on commission and otherwise, by a firm engaged in buying, selling, shipping, and storing the same article as warehousemen, and then indebted to plaintiff in a sum exceeding the value of the grain mentioned in the bills, under an arrangement that the grain should be shipped to and sold by plaintiff, and the net proceeds applied in part-payment of the indebtedness.   In the bills of lading the plaintiff was designated as consignee.   At the time of delivery neither of the cars was fully loaded, but in each of the bills was a stipulation that the loads might be completed at another station on the line of railway. This was done, the cars sealed up and side-tracked ready for hauling to their destination.   Afterwards, on December 3d, defendant, as sheriff, seized and attached the contents of the cars, to satisfy the claim of another creditor against said warehousemen.   Upon the trial of an action for conversion, brought by the plaintiff against said sheriff, the court charged the jury that the question for its consideration was as to the

ownership of the grain when it was attached; and further charged that if, from a preponderance of evidence, the jury found that by the agreement between plaintiff and its debtors the latter assigned the grain in question to plaintiff to be sold on commission, the proceeds to be applied in payment of a debt, their verdict should be for defendant. *Held* to be error.

Appeal by plaintiff (a corporation) from an order of the district court for Blue Earth county, *Severance*, J., presiding, refusing a new trial.

*Wilson & Van Derlip*, for appellant.

*Lorin Cray* and *J. L. Washburn*, for respondent.

COLLINS, J. There was very little contention over the facts upon the trial of this action. Plaintiff, a corporation dealing in grain, had advanced money to Mitchell and Jefferson, who were buying, selling, and shipping the same article, under the firm name of Southern Minnesota Elevator Company, to use in their business. On December 1, 1888, plaintiff sent one Fagg, its agent, to Jefferson, the managing man of the elevator company, with a statement of account, which was then agreed upon as correct. It was also agreed that plaintiff should have all of the grain then in the firm elevators and warehouses. On that day Jefferson delivered to Fagg a bill of lading, issued by the railway station agent at Amboy, for a car-load of barley. The car was then but partly filled, but the bill specified that its loading might be completed at another station. Two days later, December 3d, a bill of lading for a car-load of wheat was delivered by Jefferson to the agent, Fagg, but, as in the other case, the car was but partly filled, and provision was made for the completion of the loading at another station. On the same day, after both cars had been fully loaded, sealed up, and side-tracked ready for hauling to their destination, their contents were seized and attached by the defendant, as sheriff, to satisfy the claim of another creditor against the Southern Minnesota Elevator Co. On December 6th, plaintiff exhibited these bills of lading —in which it was designated as consignee—to defendant, and upon his refusal to surrender the grain brought this action for its conversion. The verdict of the jury was for defendant, and the appeal is from an order denying a new trial.

1. We are of the opinion that, although plaintiff omitted to show that the conceded indebtedness of the elevator company existing a few days prior to the alleged conversion had not been satisfied in full by the receipts of grain shipped to it under the arrangement of December 1st, before mentioned, the testimony was sufficient to have justified the jury in determining that it had not been. We also think that the number of bushels of grain seized by the defendant, and its value per bushel, were fairly proved. In fact, these matters do not seem to have been regarded upon the trial as in dispute. The real issue was over the legal effect of the transaction in which Jefferson, in behalf of his firm, delivered the bills of lading to plaintiff's agent.

2. The plaintiff contended that, upon the undisputed testimony of Fagg and Jefferson as to what transpired, there was, in law, an appropriation, by agreement of the debtor and creditor, of the property in question in part-payment of the debt, and that, as a matter of law, plaintiff was entitled to a verdict. The court refused to take this view, and in substance stated to the jury that the principal question for their consideration was the *ownership* of the property at the time of the attachment. From the undisputed testimony it is obvious that the grain was not consigned to plaintiff in the usual course of their business, for sale on commission simply. There was either a sale —an absolute appropriation of this specific property in payment *pro tanto* of a debt and by assent of both parties—or the plaintiff's agency as a commission merchant was coupled with an interest, the grain being pledged to it by agreement and delivery, to the full amount of the proceeds. The fact that the consignee could retain from the proceeds a commission for services rendered in handling and selling did not affect its right to receive the grain as a pledgee. The consignors parted with their property, retaining no interest whatever in it, in either case, other than to have the proper amount applied in partial satisfaction of their debt. The plaintiff had possession and the right of possession, and the question for consideration was not that of *ownership* exclusively. We think this point is covered by the exception to the charge, referred to in appellant's seventh assignment of error.

Order reversed.