ALAMO FIRE INSURANCE COMPANY ET AL. V.
A. DAVIS ET AL.

Decided February 13, 1901.

**1.—Fire Insurance—Avoided by Alienation—Mortgage—Notice to Agent.**

In an action on a fire insurance policy by a mortgagee secured as his interest might appear, which was made void as to the insured owner by his alienation of the property and to be avoided also as to the mortgagee on his failure, having knowledge of the alienation, to notify the insurer thereof, the issue as to its avoidance by failure to give such notice should have been left to the jury where there was evidence tending to show that the owner, at the time he alienated the property, was such agent and representative of the mortgagee as to tax the latter with knowledge of the transfer.

**2.—Insurance—Mortgagee—Subrogation.**

An insurance company, where the policy so provides, is entitled, on payment of the policy to a mortgagee protected as his interest should appear, when it had been avoided as to the insured owner by his alienation of the property, to be subrogated to any securities for the debt held by the mortgagee against such owner.

**3.—Same—Payments by Mortgagor.**

The mortgagee protected by an insurance policy as his interest might appear can recover only to the amount of his debt, and where the insured owner has made the policy void as to himself by alienation of the property, evidence is admissible, under proper pleadings, of any payments made by the mortgagor upon the debt up to the time of trial.

Error from Bell. Tried below before Hon. Jno. M. Furman.

*Alexander & Thompson*, for plaintiffs in error.

*A. J. Harris*, for defendants in error.

KEY, ASSOCIATE JUSTICE.—This suit was instituted by A. Davis, Florence I. Davis, and the Southern Home Building and Loan Association, of Atlanta, Ga., against the Alamo Fire Insurance Company and the Germania Insurance Company, upon a fire insurance policy of $1000. The defendants in their answer set up breaches of the policy growing out of: (1) the sale of the property from A. Davis to Florence I. Davis, which was prohibited by the policy; (2) the assignment of the policy before the loss, which was prohibited; (3) the taking of other insurance on the property, which was prohibited; (4) that the loan association and its trustee knew of the change in the interest and title of the property by the sale to Florence I. Davis, and neglected to notify the insurance company thereof.

The pleadings presented some other issues which we deem it unnecessary to state. After hearing the testimony the court directed a verdict against the plaintiffs A. Davis and Florence I. Davis, and in favor of the Southern Home Building and Loan Association of Atlanta, Ga., against both insurance companies for $951.60, and rendered a judgment in accordance with the verdict.

The policy sued on was issued by the Alamo Fire Insurance Company, and it was sought to hold the other company liable on account of a subsequent contract between the two companies, by which the Germania Insurance Company obligated itself to pay all the policies theretofore issued by the Alamo Fire Insurance Company. The Building and Loan Association sued as mortgagee, and the policy is payable to it as its interests may appear. The policy also contained the usual prohibitions against alienation of the property or the procurement of other insurance thereon; but stipulated that such acts on the part of A. Davis, the owner of the property, should not invalidate the policy as against the interest of the mortgagee, provided the latter notified the insurance company of such conduct on the part of the owner, if the mortgagee had knowledge thereof.

The undisputed testimony shows that after the policy was issued A. Davis transferred the property to Florence I. Davis, but there was also testimony tending to show that A. Davis was at the time such agent and representative of the building and loan association as that his knowledge of the transfer of the property would be imputed to the association, and that neither of the insurance companies was notified of such transfer.

The testimony being in this condition, we think it was error for the court not to submit the issues referred to, to the jury, and to peremptorily direct a verdict against the defendants.

The policy contained the following stipulation: "Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment or transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim."

In view of this stipulation in the contract, if upon another trial the pleading and evidence shall show that the building and loan association held any securities for the debt owing by A. Davis, the judgment should subrogate appellants to the rights of the building and loan association to and under such securities.

We also hold that if the pleadings are so framed as to admit proof of payments made upon Davis's debt to the building and loan association after the fire occured, and even up to the time of trial, such evidence should be admitted. The association has no interest in the insurance money, except as mortgagee, and if it be shown that the other plaintiffs are not entitled to recover because of conduct on their part which renders the policy void as to them, and it be shown that the building and

loan association's debt has been paid, no judgment should be rendered against defendants, except for costs, and not for the latter, unless it appears that some portion of the mortgage debt was unpaid at the time the suit was instituted.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*