Boone Gross, Trustee, v. Colonial Assurance Company.

Decided June 30, 1909.

### 1.—Insurance—Warranty—Excess of Insurance.

A stipulation that "this policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance," was a warranty, and it appearing that the concurrent insurance permitted was $35,000, and that at the time of loss there was total insurance on the property of $35,750, the policy was void.

### 2.—Same—Forfeiture—Statute.

Conceding that article 3096aa of the Revised Statutes applies to fire insurance, the provision therein that any provision of an insurance contract which provides that any answers or statements made in application or contract, if untrue or false, shall render the policy void, shall be of no effect unless it be shown that the matter misrepresented was material to the risk, has no application to a warranty against excess of insurance.   Gen. Laws 1903, p. 94.

Error from the District Court of Harris County.   Tried below before Hon. W. P. Hamblen.

*Louis & Masterson,* for plaintiff in error.—Where, under a policy of fire insurance, permission is granted to carry a total amount of insurance in the sum of $35,000, and the insured, by a mistake, and unintentionally, takes out insurance in the sum of $750 in excess of such amount permitted, such excess is so insignificant and infinitesimal, as compared with the total amount of insurance permitted or in force, as not to .warrant consideration as a violation of the clause prohibiting the carrying of insurance in excess of the amount permitted, and will not render the insurance void where such excess is taken out, the same being such a trifle as will not be considered by the court.

The court erred in its conclusions of law wherein said court finds that the Act of the Twenty-eighth Legislature, Acts of 1903, page 94, Revised Statutes, article 3096aa *et seq.,* does not apply to fire insurance, and was not so intended by the Legislature; and that, therefore, the materiality of the violation of the concurrent clause by the taking out of insurance in the sum of $750 more than permitted rendered the policy void, because the said provision of the Legislature was intended to apply, and does apply, to fire insurance as well as life and accident insurance.   Modern Order of Praetorians v. Hollmig, 100 Texas, 623; Modern Order of Praetorians v. Hollmig (Civ. App.), 105 S. W., 846; 103 id., 474.

The provision of section 3096aa, where it refers to "statements made in the contract of insurance," covers by such reference the provision in a policy such as the concurrent insurance clause, and the indorsement of permission to carry a definite amount of insurance, such provision and indorsement being, in effect, but the statement of the insured that he will not carry insurance in an amount more than that permitted.   Modern Order of Praetorians v. Hollmig, 103 S. W., 474; 100 Texas, 623; id., 105 S. W., 846; Hartford Life Ins. Co. v. Stalling (Tenn.), 72 S. W., 961; Continental Fire Ins. Co. v. Whitaker

(Tenn.), 79 S. W., 119; Light v. Greenwich Ins. Co. (Tenn.), 58 S. W., 851; Lindley v. Union Ins. Co., 65 Me., 368; 20 Am. Rep., 701; Warren Deposit Bank v. Fidelity Co. (Ky.), 74 S. W., 1111; United States Ins. Co. v. Bennett's Adm'r (Ky.), 105 S. W., 433; Foley v. Royal Arcanum, 45 N. E., 456; 151 N. Y., 196; 56 Am. St. Rep., 621; Rice v. Fidelity Company, 43 C. C. A., 271; Goddard v. Insurance Company, 67 Texas, 71; Phoenix Assurance Co. v. Munger, 49 S. W., 225; Anderson Law Dict., "Statement" and "Representation."

*William Thompson* and *G. S. Wright,* for defendant in error.

McMEANS, ASSOCIATE JUSTICE.—Boone Gross, trustee of the estate of S. L. Sam Drygoods Company, bankrupt, sued the Colonial Assurance Company upon a policy of fire insurance. It was alleged, and shown by the evidence, that the defendant had issued its policy of insurance in the sum of $2,000 to L. R. McFarlane, receiver of the S. L. Sam Drygoods Company, on the 29th day of November, 1907, insuring against direct loss or damage by fire the stock of goods formerly the property of the S. L. Sam Drygoods Company, which had been adjudged a bankrupt; that afterwards the plaintiff, Gross, was elected trustee of the bankrupt estate, and was acting as such trustee in bringing this suit; that two days after the issuance of the policy a fire, originating in adjoining buildings, was communicated to the property insured, which was partly destroyed and greatly damaged, causing a loss in excess of all insurance in force upon the same.

The defendant pleaded a failure to comply with the iron safe clause and also a violation of the concurrent insurance clause. The case was submitted to the court, and upon conclusion of the evidence judgment was rendered for the defendant. Plaintiff has appealed.

The court filed its findings of fact, from which we make the following statement. At the time of the appointment of McFarlane as receiver the S. L. Sam Drygoods Company held policies of fire insurance on its stock of merchandise in the amount of $35,750, which insurance was carried in various companies, but none of which was carried by the defendant. In each of said policies there was granted permission for carrying of only $35,000 insurance. These policies were turned over to McFarlane at the time of his appointment as receiver, but certain of the insurers declined to consent to the policies issued by them being transferred to McFarlane as such receiver, and by consent of McFarlane these policies were canceled, and in lieu thereof McFarlane obtained other insurance, including the policy sued on. This policy contained the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The defendant gave to McFarlane permission to carry insurance in the amount of $35,000 upon the property by the following words inserted in the face of its policy: "Thirty-five thousand dollars total concurrent insurance permitted, including this policy."

At the time of the fire the total amount of insurance upon the stock of goods, etc., was $35,750, being $750 in excess of the amount permitted by the defendant in the policy sued on. Neither the plaintiff nor the defendant knew of this excess at the time of the issuance of the policy or at the time of the fire. The trial court expressly found that "the excess insurance in the sum of $750, in view of the total line carried, . . . was in an immaterial amount, and not material to the risk, and that said over-insurance did not in any way actually contribute to the loss or damage by fire. . . ."

The court's conclusion of law is as follows: "The provision of the policy which provided that the same should be void if the insured have or take insurance unless agreed to by the company, having been violated by the excess insurance of $750, and this provision of the policy being a warranty, the policy was void by reason of such violation.

"The Act of 1903 of the Twenty-eighth Legislature, page 94, known as the Revised Statutes, article 3096aa *et seq.,* does not apply to fire insurance, and was not so intended by the Legislature. The materiality of the violation of said provision in the policy can not, therefore, be inquired into. I therefore conclude that the said warranty in the policy having been violated, that the policy was rendered void, and the plaintiff can not recover herein; but if the court is mistaken in this construction of the statute above, nevertheless, it would not apply in this particular case."

These conclusions are attacked by appellant in his various assignments of error.

In the view we take of the case it is unimportant, and not necessary for us to determine, whether the Act of 1903 applies to both fire and life insurance or life insurance only. The first section, which is there called "article 3096aa," provides: "That any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit upon such contract unless it be shown upon the trial thereof that the matter or thing represented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was so material and so contributed in any case, shall be a question of fact to be determined by the court or jury trying such case."

Plaintiff in error contends that the Act applies to that provision of the policy relating to other insurance in amount beyond the sum consented to by the defendant, and that the act of the insured in procuring insurance in excess of the amount permitted would not avoid or forfeit the policy unless it was shown that the breach was material to the risk or actually contributed to the contingency on which the policy became due and payable.

To this contention we can not agree. At the time of the passage of the Act the doctrine of promissory warranties was recognized and accepted by our courts, and for a long time prior thereto the decisions had made a distinction between representations and such warranties.

In Kelley-Goodfellow Co. v. Liberty Insurance Co., 8 Texas Civ. App., 227, it was held that the iron safe clause in a policy of fire insurance was a promissory warranty, and that strict compliance therewith was a condition precedent to a recovery. The iron safe clause and "the other insurance" clause are of the same character, both being promissory warranties; and in Westchester Fire Ins. Co. v. Storm, 6 Texas Civ. App., 390, it was held that the violation of the "other insurance" provision avoided the policy. Thus stood the law as construed by our courts at the time of the adoption of the Act.

We can assume that when the Legislature passed the Act it did so with the knowledge of the decisions of our courts in reference to promissory warranties, and the distinction between such warranties and statements or representations, and if it had intended or desired to abolish those distinctions or overthrow the doctrine of promissory warranties it could have easily done so by language expressing such intention. It is a well-settled rule of construction that where there is no ambiguity in the statute its meaning and the legislative intent must be determined from the language used. It seems to us that the language of the Act can not be so construed to make it the "other insurance" clause. It simply applies to *"Any provision* of an insurance contract *which provides* that *any answers* or *statements* made in application or contract of insurance, if *untrue* or *false,* shall render the contract or policy void, . . . shall be of no effect, unless it be shown . . . that the matter or thing *misrepresented* was material to the risk," etc. The provision of the policy to which plaintiff in error seeks to have this language apply is as follows: "This entire policy shall be void if the assured now has or shall hereafter make or procure any other contract of insurance, whether valid or not," etc. This provision does not provide that any statement or answer, if untrue or false, shall render the policy void.

We are of the opinion that the language of the Act in question is not ambiguous, and under the rule of construction above stated the language clearly implies that it was not the intention of the Legislature to disturb or abolish the doctrine of promissory warranties by including them in the Act. This construction is borne out by the recent case of Scottish Union and National Insurance Company v. Weeks Drug Company, decided by the Court of Civil Appeals of the Fourth District, in which a writ of error was denied by the Supreme Court (118 S. W., 1086). The policy sued on in that case contained a provision to the effect that "The assured will keep a set of books which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and for credit," etc. A violation of this provision was pleaded by defendant, and on the trial it was shown that the books kept by the insured failed to show any entry of the cash sales from November 23, 1907, to the date of the fire, which occurred on January 3, 1908. Plaintiff contended that the provisions of the Act of 1903, article 3096aa, made the keeping of such items of the cash account not material to the risk in view of an inventory taken subsequently to the issuance of the policy. In overruling this contention Chief Justice James, who delivered the opinion of the court, says: "The peculiar wording of the statute

makes it apply only to the truth or falsity of answers or statements in the application or contract, and not what was agreed in the contract to be performed. The case of Continental Fire Ins. Co. v. Whitaker, 112 Tenn., 151; 79 S. W., 121; 64 L. R. A., 451; 105 Am. St. Rep., 916, did not involve a statute worded as this one. The contract was clearly violated by the failure to record the cash sales in the books for the period named, and the consequence of this breach is written in the contract itself, . . . which plaintiff must abide by, having agreed to it. . . ." Applying the reasoning in that case to the instant case, we hold that the contract of insurance sued on was violated by the insured in effecting insurance upon the property in excess of the amount permitted by the contract, and that this violation rendered the contract void. Nor do we agree to the contention of plaintiff in error that the amount of excess, viz., $750, was so infinitesimal and insignificant, as compared to the total insurance permitted, as not to warrant consideration as a violation of the clause prohibiting the carrying of insurance in excess of the amount permitted.

We are of opinion that the assignments of error presented by plaintiff in error, all of which have been considered by us, point out no reversible errors, and that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*