DUMPHY et al. v. COMMERCIAL UNION ASSUR. CO., LIMITED, OF LONDON.†

(Court of Civil Appeals of Texas. Texarkana. Dec. 20, 1911. Rehearing Denied Jan. 4, 1912.)

1. INSURANCE (§ 336*)—FIRE POLICY—PROVISION AGAINST OTHER INSURANCE—VIOLATION—EFFECT.

Violation of a stipulation in a fire policy that it should be void if the insured then had or thereafter procured any other contract of insurance, whether valid or not, on the property covered, either in whole or in part, by the policy, forfeits the insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 856–874; Dec. Dig. § 336.*]

2. INSURANCE (§ 336*) — FIRE POLICY—ASSIGNMENT—NEW INSURANCE—"INSURED."

Plaintiff having procured a policy on a dwelling house, containing a stipulation that, if "the insured" procured other insurance on the property, the policy should be void, sold the property to the wife of H., retaining a lien for the unpaid portion of the price, and, with the insurer's consent, assigned the policy, to which a rider was attached, providing that any loss due the assured under the policy should be payable to plaintiff as her interest might appear. H. without the knowledge or consent of plaintiff or the insurer procured additional insurance on the property payable to plaintiff as her interest might appear. Held, that the conveyance and the assignment of the policy with insurer's consent created a new contract of insurance between defendant and the grantee, who thereupon became the "insured" within the meaning of the provision against additional insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 856–874; Dec. Dig. § 336.*

For other definitions, see Words and Phrases, vol. 4, p. 3681.]

3. INSURANCE (§ 311*)—FIRE POLICY—CONSTRUCTION—"ASSURED."

A fire policy provided that it should be void if "the insured" should have or procure any other contract of insurance on the property covered. Plaintiff, having sold the property on time, assigned the policy with the insurer's consent, a rider being added providing that any loss ascertained and proven to be due "assured" under the policy should be payable to plaintiff as her interest might appear. Following the provision in the policy against additional insurance was a provision that if with the consent of the insurer an interest under the policy shall exist in favor of a mortgagee, or any other person, or corporation having an interest in the subject of the insurance other

than the interest of the insured, the conditions "hereinbefore contained shall apply in the manner expressed in such provisions, and conditions of insurance relating to such interest as shall be written upon, attached, or appended to the policy." *Held,* that the conditions referred to in such provision were not those contained in the rider, but those contained in the policy, and the grantee of the property, and not the grantor, being the "assured" within the rider, plaintiff could only recover in case of loss such an amount as could be recovered by the grantee, and was therefore subject to the defense that the policy was void because of the grantee procuring additional insurance without the insurer's consent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 704–708; Dec. Dig. § 311.*

For other definitions, see Words and Phrases, vol. 1, pp. 591, 592.]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by Matilda Dumphy and others against the Commercial Union Assurance Company, Limited, of London. Judgment for defendant, and plaintiffs appeal. Affirmed.

Rodgers & Dorough and Webber & Webber, for appellants. Wm. Thompson, Geo. S. Wright, and Smelser & Vaughan, for appellee.

WILLSON, C. J. December 26, 1906, appellee issued its policy for $2,000, insuring Mrs. Dumphy during a period of five years from that date against loss by fire of a dwelling house owned by her. Afterwards Mrs. Dumphy sold the property so insured to one Hunter for $3,500. Of this sum $1,000 was then paid by Hunter, and the remainder was covered by his promissory notes in favor of Mrs. Dumphy. December 19, 1907, by a writing on the policy, appellee consenting, Mrs. Dumphy assigned her interest therein as owner of the property to Hunter's wife, to whom it seems the conveyance of the property from Mrs. Dumphy had been made. On the same day (December 19, 1907) appellee attached to the policy a rider as follows: "Any loss that may be ascertained and proven to be due the assured under this policy shall be held payable to Mrs. Matilda Dumphy as interest may appear." February 20, 1909, Hunter, without the consent or knowledge of either appellee or of Mrs. Dumphy, procured the issuance by another company of another policy, insuring the property in the further sum of $500, payable to Mrs. Dumphy as her interest appeared. May 22, 1909, the property was destroyed by fire. The notes made by Hunter to Mrs. Dumphy being unpaid, she, joined by her husband and the Hunters, sought by the suit they instituted against appellee a recovery of the amount of the policy it had issued. The Hunters afterwards took a nonsuit, and the action was prosecuted by Mrs. Dumphy and her husband alone. The appeal is from a judgment in appellee's favor rendered on a verdict instructed by the trial court.

By their assignments appellants complain of the action of the court in refusing to instruct a verdict in their favor and in instructing a verdict in favor of appellee.

[1, 2] The policy contained this stipulation: "This entire policy, unless otherwise provided by agreement hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." That a violation by the insured of such a stipulation in such a contract has the effect to forfeit his rights under it is settled. Insurance Co. v. Dorroh, 133 S. W. 475. That the Hunters procured another contract further insuring the property, and so, if they were the insured within its meaning, violated said stipulation, was conclusively shown by the testimony. That the effect of the conveyance of the property and assignment of the policy by Mrs. Dumphy to Mrs. Hunter with the consent of appellee was to create a new contract of insurance between appellee and the Hunters is reasonably clear on principle and fairly well established by the authorities. Insurance Co. v. Gunter, 12 Tex. Civ. App. 598, 35 S. W. 716; Insurance Co. v. Nichols, 72 S. W. 442; Ellis v. Insurance Co., 64 Iowa, 507, 20 N. W. 782; Insurance Co. v. Munns, 120 Ind. 30, 22 N. E. 78, 5 L. R. A. 430; Bullman v. Insurance Co., 159 Mass. 118, 34 N. E. 171; Bonefant v. Insurance Co., 76 Mich. 653, 43 N. W. 684. That the Hunters, as the owners of the property, were the insured within the meaning of this new contract, cannot be doubted. It follows that it must be said that by procuring the additional insurance they forfeited their right as the insured to recover of appellee anything because of the loss of the property by fire.

[3] By the plain language of the rider Mrs. Dumphy was entitled to demand of appellee only such loss as might be "ascertained and proven to be due the assured" under the policy. That the Hunters were the insured within the meaning of the policy, and that they were not entitled to recover anything under the policy, has been determined. Were they also "the assured" and the only assured within the meaning of the rider? If they were, it would seem logically to follow that Mrs. Dumphy was entitled to recover only the loss "ascertained and proven to be due" them, and that, as no loss was ascertained and proven to be due them, the trial court, on the case so far as stated, could not have done otherwise than instruct the jury to find in appellee's favor.

Appellants, appreciating this, as avoiding the conclusion suggested, insist that Mrs. Dumphy was the "assured" within the mean-

ing of the term as used in the rider. Their contention seems to be based on the fact that the policy was originally issued to Mrs. Dumphy. We do not think the contention is tenable. The policy was issued to her and insured her interest as the owner, and not as a mortgagee of the property. By virtue of the policy she had no rights as a mortgagee at the time she assigned it to the Hunters. The effect of her assignment to the Hunters of her interest in the policy as the owner of the property therefore was to pass to them her entire interest in it. That assignment having been made with the consent of appellee, it destroyed the relationship of insured and insurer theretofore existing between her and appellee, and created that relationship between the Hunters and appellee. Mrs. Dumphy ceased to be the insured, because she was never such except as owner, and she had ceased to be the owner of the property. The Hunters had become the owners of the property, and as such, by virtue of the assignment of the policy to them by Mrs. Dumphy, with appellee's consent, they had become the insured. Being the insured within the meaning of the policy, it cannot be doubted that the Hunters were also the assured within the meaning of that term as used in the rider. Therefore, unless a different meaning should be given the language of the rider, when considered with reference to stipulations in the policy, we think the trial court properly construed it as having only the effect to make Mrs. Dumphy merely the appointee of the Hunters to receive any loss ascertained to be due them as the insured under the policy. Insurance Co. v. Ruddell, 37 Tex. Civ. App. 30, 82 S. W. 826; Insurance Co. v. Wolff, 23 Ind. App. 549, 54 N. E. 772; Insurance Co. v. Greer, 120 Fed. 916, 57 C. C. A. 188, 61 L. R. A. 137; Brecht v. Insurance Co., 160 Fed. 399, 87 C. C. A. 351, 18 L. R. A. (N. S.) 197; Bank v. Insurance Co. (C. C.) 153 Fed. 440.

Appellants insist that a sufficient reason for construing the meaning of the rider to be otherwise than as suggested may be found in a provision in the policy following the one forbidding the procurement by the insured, without appellee's consent, of additional insurance on the property, as follows: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any other person or corporation having an interest in the subject of insurance other than the interest of the insured as described therein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto." As supporting their contention, appellants cite a number of cases, and there is no doubt that at least two

of the number fully support it. In one of these (Senor v. Insurance Co., 181 Mo. 104, 79 S. W. 688) the Supreme Court of Missouri, construing a similar provision in a policy carrying a rider in which language was used not materially different from that used in the rider here in question, held that the clause in question should be construed as meaning that the mortgagee was to be affected by only such of the provisions and conditions in the policy as might be "written upon, attached or appended" to the rider; and, as none of those conditions and provisions had been written upon, attached, or appended to it, that a violation of same by the insured did not present a reason why the mortgagee should not recover on the policy. In the other the Supreme Court of Mississippi, construing a similar rider and mortgage clause, reached a similar conclusion. East v. Insurance Association, 76 Miss. 697, 26 South. 691. It does not appear that the effect of the language of the rider limiting the right of the mortgagee to recover only such loss as the insured was entitled to recover was considered in either of the cases cited. For this reason, we do not think they are entitled to the weight they otherwise might be entitled to. And their value is further affected by the fact that in the opinions the courts misconstrue, it seems to us, the language used in the mortgagee clause, when they say it means that the provisions and conditions preceding that clause in the policy, to affect the mortgagee must be written upon the rider. The language of the clause is that such provisions and conditions "shall be written upon, attached or appended hereto." Do the words "written upon," as they appear in the quotation just made, refer to the policy or to the rider? To our minds they clearly refer to the policy. They do not mean that the provisions and conditions written upon the policy to affect the mortgagee must also be written upon the rider. The clear meaning, we think, is that provisions and conditions written upon the policy should bind the mortgagee so far as they related to his interest, and that he also should be bound by such other provisions and conditions as might be attached or appended to the policy by a rider like the one in question.

We agree with appellants that if the rider, considered with reference to the mortgagee clause, or other stipulations in the policy, reasonably was susceptible of two interpretations, one against and one favorable to them, it should be given the one favorable to them. But, so considered, we think it is reasonably susceptible only of the interpretation that denied to Mrs. Dumphy the right to recover except as the appointee of the Hunters to receive any loss "ascertained and proven to be due" to them.

The judgment is affirmed.