HOME INS. CO. v. BOATNER et al.
(No. 6332.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1920. Rehearing Denied March 10, 1920.)

1. INSURANCE ⬉⟹336(1)—ADDITIONAL INSURANCE ON STORE BUILDING VIOLATES TERMS OF POLICY; "INSURANCE ON PROPERTY COVERED * * * BY THIS POLICY."

"Additional insurance" on a store building was another "contract of insurance on property covered in whole or in part by this policy," within the prohibition of a previous policy on the store and stock of goods in a warehouse.

2. INSURANCE ⬉⟹336(6)—CONCURRENT INSURANCE CLAUSE DOES NOT CONFLICT WITH ONE PROHIBITING ADDITIONAL INSURANCE WITHOUT CONSENT.

A fire policy clause permitting certain concurrent insurance held not to conflict with or set aside a provision invalidating the entire policy in case another contract of insurance was taken on the property without the insurer's written consent.

3. INSURANCE ⬉⟹336(1)—CLAUSE FORFEITING POLICY FOR ADDITIONAL INSURANCE NOT INVALID UNDER TOTAL LOSS STATUTE.

Rev. St. 1911, art. 4874, making a fire policy a liquidated demand against insurer for full amount of policy in case of a total loss, does not invalidate a clause forfeiting the policy in case the insured takes out additional insurance without the insurer's written consent.

4. INSURANCE ⬉⟹336(1)—INSURED'S IGNORANCE OF FORFEITURE CLAUSE IMMATERIAL.

A fire policy clause, forfeiting the policy in case the insured takes out additional insurance without the insurer's consent, is not affected by the insured's good or bad intentions nor by his ignorance of the clause in the absence of fraud or mistake.

5. INSURANCE ⬉⟹336(1)—CLAUSE FORFEITING FIRE POLICY FOR ADDITIONAL INSURANCE IS VALID; "PROMISSORY WARRANTY."

Rev. St. 1911, art. 4947, providing that policies may be forfeited only for material misstatements by insurer, does not invalidate a clause forfeiting a fire policy in case insured takes out additional insurance without the insurer's consent, since such an action would be material to the risk, and the provision as to additional insurance is a "promissory warranty" not within the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promissory Warranty.]

6. INSURANCE ⬉⟹311(3) — FIRE POLICY NOT FORFEITED AS TO MORTGAGEE.

Where a mortgagee was made the owner of a fire policy as his interest might appear, with the provision that his interest should not be invalidated by any act or neglect of the mortgagor, the contract between the insurer and mortgagee is separate from that between the insurer and mortgagor, and the forfeiture of the mortgagor's rights by taking out additional insurance does not authorize the insurer to pay only three-fourths of the loss to the mortgagee under a clause restricting the recovery to such amount in case of other insurance.

7. INSURANCE ⬉⟹602—MORTGAGEE MAY RECOVER INTEREST AND ATTORNEY'S FEES.

Where an insurer wrongfully refused to pay insurance proceeds to a mortgagee and for several years retained the money pending litigation, it should be made to pay the mortgagee the amount of his debt with attorney's fees as well as interest.

8. INSURANCE ☞606(2)—INSURER SUBROGATED TO RIGHTS OF MORTGAGEE.

Where a fire policy was invalidated as to the mortgagor by his taking out additional insurance, but the insurer was required to pay the loss to the mortgagee under an independent contract contained in the mortgage clause of the policy after several years of litigation, *held*, that the insurance company was subrogated to the mortgagee's rights to the extent of the mortgage debt at the time the insurer should have paid the loss to the mortgagee.

Error from District Court, Nueces County; W. B. Hopkins, Judge.

Action by R. H. Boatner and Charles Weil against the Home Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed in part, and reversed and rendered in part.

S. A. Early, of Corpus Christi, and Locke & Locke, of Dallas, for plaintiff in error.

Kleberg, Stayton & North, of Corpus Christi, and Atkinson & Atkinson, of Houston, for defendants in error.

FLY, C. J. This is an action by R. H. Boatner and Charles Weil against the appellant to recover on two policies of insurance issued by appellant to Boatner and agreed by appellant to be paid to Weil, as mortgagee, as interest might appear, on a certain storehouse in Robstown, Tex., which was destroyed by fire on May 4, 1916. The policies were dated, respectively, September 2, 1915, and October 15, 1915. The building was completely destroyed. Appellant's defense was that Boatner had obtained other insurance, in violation of the terms of the policies, which contained a stipulation against further insurance without consent of appellant. Appellant also, in case that it was held liable, sought subrogation to the mortgage given on the property by Boatner to Weil. Charles Weil died during the pendency of the litigation, and Sarah Weil, independent executrix of his will, was made a party. The court instructed a verdict in favor of Sarah Weil for $3,412.67 and in favor of Boatner for $44.83.

The first assignment of error assails the action of the court in instructing a verdict in any sum in favor of Boatner, on the ground that the undisputed evidence showed that he was not entitled to recover any amount. The reason for this assertion is given in the first proposition under the assignment to the effect that the entire policy, under its terms, became null and void in case other insurance was procured without an agreement entered on the policy as provided therein. The first policy issued permitted concurrent insurance for $1,800 on the building, $2,000 on the stock of goods, and $200 on the iron-clad warehouse, aggregating $4,-000. The policy was for $1,800 on the building and $200 on the warehouse. The second policy permitted $5,000, as follows, $3,000 on the building and $2,000 on the stock, and was issued for $1,000 on the building alone. Afterwards, on April 20, 1916, Boatner, without the knowledge or consent of appellant, obtained insurance on his building from the Washington-Providence Company for $1,000.

[1, 2] The additional insurance procured by Boatner without the consent of appellant was undoubtedly another "contract of insurance * * * on property covered in whole or in part by this policy," as provided in each of the policies issued by appellant. It was $1,000 more insurance on the store building which had been insured by appellant. The fact that concurrent insurance was permitted in the sum of $5,000 did not conflict or set aside the provision that the entire policy should become void in case of another contract of insurance on any of the property without written consent of the insurer, and procuring the additional insurance by Boatner destroyed the policy unless it is preserved and protected by the statute as to insurance policies in case of total destruction of property being liquidated demands. Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572.

[3] Article 4874, Revised Statutes, which was enacted in 1879, provides:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided, that the provisions of this article shall not apply to personal property."

That statute has been construed so that a stipulation in the policy as to the insurance company being liable only for three-fourths of the amount of insurance in case of subsequent insurance without consent of the original insurer would not affect the liability of that insurer for the whole amount. Insurance Co. v. Ice Co., 64 Tex. 578. It is also held that proof of loss, although stipulated in the policy, in case of total loss of a house, cannot be enforced, and that any other stipulation in contravention of the article cited is void.

The rule prevails, however, when additional insurance is obtained without the knowledge or consent of the insurer, that the policy will be forfeited. In the case of New Orleans Ins. Co. v. Griffin, 66 Tex. 232, 18 S. W. 505, it is held:

"The requirement of consent to other insurance is not arbitrary, but reasonable and proper. Through it the company reserves the right to determine how much of the risk shall be carried by the assured; the public, as well as the assurer, is interested in preventing a situation in which a fire would be profitable to the assured."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This is the uniform ruling under the valued policy law. Gross v. Assur. Co., 56 Tex. Civ. App. 627, 121 S. W. 517; Nat. Fire Ins. Co. v. Dorroh, 63 Tex. Civ. App. 620, 133 S. W. 475; Dumphy v. Ins. Co., 142 S. W. 116; Ins. Co. v. Barr, 148 S. W. 845; Ins. Co. v. Dalton, 189 S. W. 771.

[4] Neither the good nor bad intention of the insured, nor his ignorance of the terms of the policy, in the absence of fraud or mistake, would affect the force and validity of the clause of the policy as to additional insurance. Ins. Co. v. Dorroh, herein cited. As said in Morrison v. Ins. Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63:

"Every policy holder, in the absence of fraud, misrepresentation, or concealment, must be held to have knowledge of the * * * policy when he has opportunity to examine it before he accepts it."

There was no fraud, misrepresentation, or concealment pleaded or proved in this case, and the insured could have had the policy sent to him instead of to the mortgagee and could have examined it. Boatner instructed the agent of appellant to send the policies to Weil, the mortgagee. The contract cannot be evaded or set aside because of the failure of Boatner to read the policy.

[5] Article 4947, Rev. Stats., has reference alone to any provision in a policy of insurance which stipulates for forfeiture of the contract if answers or statements made in the application for insurance or in the policy are untrue. In such case the statement must be material to the risk or actually contribute to the contingency or event on which the policy became due or payable. Undoubtedly the taking out of additional insurance without the knowledge or consent of the insured would be very material to the risk, and the provision as to additional insurance is a "promissory warranty" not included within the provisions of the statute. Ins. Co. v. Weeks Drug Co., 55 Tex. Civ. App. 263, 118 S. W. 1086; Gross v. Colonial Assurance Co., 56 Tex. Civ. App. 627, 121 S. W. 517; Ins. Co. v. Wright, 58 Tex. Civ. App. 237, 125 S. W. 363; Ins. Co. v. Caraway, 60 Tex. Civ. App. 566, 130 S. W. 458; Ins. Co. v. Buckingham, 211 S. W. 531.

Boatner had no authority under the provisions as to concurrent insurance to place additional insurance on the building. The policy in terms confined insurance on the building to $3,000 including the two policies. Boatner violated the terms of the policy when he placed additional insurance on the building without the consent of appellant.

[6] The policies were transferred to the mortgagee, Weil, and he was made the owner of the amount of the insurance as his interest might appear. The contract between the insurance company and Weil was separate and distinct, and it is admitted by appellant that a forfeiture as to Boatner does not affect the rights of the mortgagee; but quite inconsistently it would seem the claim is made that, because Boatner had taken out other insurance which had destroyed his contract, a part of the contract which could have no existence except when the additional insurance was taken out in conformity to the contract is sought to be invoked as to the mortgagee. The contract was absolutely invalid as to additional insurance, but it cannot be used to decrease the liability of appellant to the mortgagee, by vitalizing a clause as to paying three-fourths of the loss in case of other insurance. Such contention is without justice or equity to support it. If the contract is good with the mortgagee at all, it is good as his "interest may appear" in the amount of insurance named in the policy. The appellant places itself in the position of claiming that it should have the benefit of the action of Boatner, though illegal and void, to aid it in avoiding a part of its liability and causing the mortgagee to lose a portion of his interest in the insurance money. It would undoubtedly be a loss of one-fourth of the mortgagee's claim because he had no contract with the other insurance company and could recover nothing from it. Appellant will not be permitted to penalize the mortgagee and evade payment of a just demand by invoking the aid of a forfeiture against the insured. It is hardship enough that the mortgagee should have been deprived of his interest in the insurance money for four years while appellant has litigated with the insured. It is specially provided in the contract with the mortgagee that his "interest shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property," and yet it is sought to invalidate one-fourth of his claim on account of the act of the mortgagee in obtaining the additional insurance on the building. The mortgagee has nothing to do with that matter under his contract, but is entitled to his debt out of the insurance money.

[7] Appellant refused to pay the mortgagee anything, and for years has kept him out of his money, and it should be made to pay the mortgagee the amount of his debt when the judgment was rendered with interest and attorney's fees and 6 per cent. on that judgment from that date. It would be an encouragement to insurance companies not to pay their just indebtedness, if they could litigate for years at only 6 per cent. per annum. Appellant must pay the interest of the mortgagee as it appeared, but it positively refused to pay any sum, and made no tender whatever, and it should be compelled to pay the attorney's fees, for by its action it forced the mortgagee into court.

Appellant cites two cases, one decided by a federal trial court, Ins. Co. v. Williams, 63 Fed. 925, 11 C. C. A. 503, the other, Sun Ins.

v. Varble, 103 Ky. 758, 46 S. W. 486, 41 L. R. A. 792, by the Court of Appeals of Kentucky, to sustain the proposition that in case of additional insurance the loss in case of fire should be prorated among the companies. In the last-named case, the provision relied on was a part of the policies which were assigned to mortgagees, and, of course, the assignee occupied the position of the insured. There was no separate contract between the mortgagees and insurance company. The difference is apparent. The federal case is a similar one. While the two cases present different facts from the facts in this case, if the facts had been similar we would, under the facts of this case, not be deterred from holding as hereinbefore indicated, especially so when the position of this court is reinforced by the courts of Tennessee, New York, and Arizona. Laurenzi v. Ins. Co., 131 Tenn. 644, 176 S. W. 1026; Eddy v. London Assurance Corp., 143 N. Y. 311, 38 N. E. 307, 25 L. R. A. 686; Germania Ins. Co. v. Bally, 19 Ariz. 580, 173 Pac. 1056, 1 A. L. R. 488. Those cases are directly in point. In the case decided by the New York Court of Appeals the doctrine is thus stated:

"So when the agreement in regard to contribution, contained in the body of the policy issued to the owner, is compared with the specific statement in the mortgage clause that his insurance shall not be invalidated by any act or neglect of the owner, we can only give the latter due force by holding that the insurance of the mortgagee is not, in effect or substance, to be even partially invalidated, i. e., reduced in amount, and to that extent impaired and weakened by any act of the owner unknown to the mortgagee. In such case the general agreement in the body of the policy as to contribution does not, and was not, intended to apply. If it did, then the special and particular contract in the mortgage clause would be of no effect. If the two are inconsistent, the special contract, particularly relating to the mortgagee's insurance, must take precedence over the general language used in the policy issued to the owner. For these reasons the claims of the insurers for a deduction in the amount of their liability cannot be allowed."

That quotation undoubtedly states the law, and is just and reasonable.

[8] Appellant is not entitled to subrogation under the terms of the policy, unless—

"the company shall pay the mortgagor any sum for loss or damage, under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, and this company shall, to the extent of such payment be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt."

It has been held under a similar provision that where an insurer issues a policy to a property owner, with a clause making it payable to a lien holder, as his interest may appear, the insurer is not, upon payment of a loss to the latter after the policy is forfeited as to the owner, entitled to subrogation to the lien. Burton v. Patton, 15 N. M. 304, 107 Pac. 679, 27 L. R. A. (N. S.) 420; Ins. Co. v. Ramsey, 76 Or. 570, 149 Pac. 542, L. R. A. 1916A, 556, Ann. Cas. 1917B, 1132. However, in the cases of Alamo Ins. Co. v. Davis, 25 Tex. Civ. App. 342, 60 S. W. 802, and Ætna Ins. Co. v. Nat. Ins. Co., 98 Neb. 446, 153 N. W. 553, L. R. A. 1916A, 784, it is held that if the policy was void then the insurer would be entitled to the benefit of the mortgage by subrogation, having been compelled to pay it by its independent contract contained in the mortgage clause of the policy. This would seem equitable and just and be in conformance with the terms of the contract as expressed in the policy. However, it would not be just to permit an insurance company to contest the payment, not only of the amount of the policy to the insured, but any amount due on the mortgage and prolong the litigation for years and cause the debt of the mortgagee to increase at the cost and expense of the mortgagor, and the insurance company cannot be permitted to claim subrogation for more than the amount of the debt due the mortgagee on the date it was due under the policy. The mortgagor may have been derelict in not complying with the terms of the policy, and the insurance company may have owed him nothing on his policy, and yet he is not responsible for anything except the debt as it stood on the day that the money was payable on the policy. He did nothing to hinder appellant in complying with the plain terms of its contract with the mortgagee, and it must pay for the increased interest and attorney's fees caused by its failure to perform its contract.

The judgment as to the mortgagee is affirmed, but as to R. H. Boatner is reversed, and judgment here rendered that he take nothing by his suit, and appellant, upon full payment of the judgment, interest, costs, and attorney's fees to the mortgagee, is adjudged to be subrogated to all the rights of the mortgagee under the mortgage for the sum of $2,607.33, and the costs of this appeal will be divided so as to assess two-thirds of them against appellant and the remainder against R. H. Boatner.