GIRARD FIRE & MARINE INS. CO. v.
FARMER.

No. 3928.

Court of Civil Appeals of Texas. Texarkana.

Feb. 10, 1931.

Rehearing Denied Feb. 12, 1931.

gage company, in open court admitted same was effective as to Mrs. Farmer, and that it was liable to her for the difference between the mortgage debt and the amount of the loss to her by the fire.

There is no doubt, we think, if that policy never became effective in favor of the mortgage company, when the fire occurred the Girard Company became bound to pay the full amount of the policy to Mrs. Farmer, and the companies issuing the policies to Collins became bound to pay the full amount of the mortgage indebtedness to the mortgage company. It would follow, in that event, that Mrs. Farmer alone would be entitled, on the showing in the record, to complain because part of the sum which should have been adjudged to her was, instead, adjudged to the trustee. What recourse, if any, the trustee of the companies issuing the policies to Collins, having paid the mortgage debt and taken a transfer thereof to himself, would have as against Mrs. Farmer, need not be determined, as it is not a matter that concerns the Girard Company.

As we view the record, there is only one theory upon which it could be held that the Girard Fire & Marine Insurance Company has a right to complain of the judgment, and that one is that the policy it issued to Mrs. Farmer was effective in favor of said mortgage company at the time the fire occurred. In that event, the Girard policy and the policies issued to Collins made the case one of double insurance so far as the mortgagee was concerned, and the doctrine of contribution applied as between the insurance companies, according to which the companies issuing the policies to Collins, and their trustee, would be entitled to recover of the Girard Company only a proportional part, to wit, $1,635.46, of the mortgage debt. We do not think this view of the matter is affected by the fact that the trustee of the companies issuing the policies to Collins paid the mortgage debt and took a transfer thereof to himself. The only effect of such transfer, we think, was to confer upon the trustee the right the mortgage company had to look to the Girard Company for a pro rata part of the mortgage debt. Each of the policies issued to Collins and the policy issued to Mrs. Farmer as well contained a stipulation that, if there was other insurance on the property, it should not be liable for a greater proportion of any loss "than the sum (quoting) hereby insured bears to the whole amount of insurance on said property, payable to, held by or consented to by said mortgagee (trustee)."

Contrary to the view which the Girard Company seems to entertain, we think the policy it issued did take effect in favor of the mortgage company, and therefore that the judgment as to it is erroneous, in that it

E. G. Senter and M. H. Baughn, both of Dallas, for plaintiff in error.

Geo. S. Wright and Coffman & Hill, all of Dallas, for defendant in error.

WILLSON, C. J. (after stating the case as above).

■ The policies issued to Collins became void as to him when he conveyed the property they covered to Mrs. Farmer; but each of them contained a stipulation (in harmony with article 4931, R. S. 1925) that as to the mortgage it should not "be invalidated (quoting) by any act or neglect of the mortgagor or owner of the within described property * * * nor by any change in the interest, title or possession of the property," and therefore remained valid and effective in favor of the Gaulding Mortgage Company.

At the trial the Girard Fire & Marine Insurance Company, while denying that the policy it issued became effective as to the mort-

should have been in the trustee's favor against it for a pro rata part of the mortgage debt, to wit, said sum of $1,635.46, instead of for the full amount of said debt, to wit, the sum of $3,048.84. The judgment will be reformed accordingly in that respect, and, as reformed, will be affirmed.

### On Motion for Rehearing.

Among contentions urged in the motions is one by the appellee George S. Wright, trustee, that this court erred when it held that he and Mrs. Farmer together were not entitled to recover of appellant the full amount of the policy it issued to her. We think the contention should be sustained.

The error was caused by the failure of this court to give the effect it was entitled to to a stipulation in each of the Collins policies as follows:

"On payment to such mortgagee (or trustee) of any sum for loss or damage hereunder, if this Company shall claim that as to the mortgagor or owner, no liability existed, it shall to the extent of such payment be subrogated to the mortgagee's (or trustee's) right of recovery and claim upon the collateral to the mortgage debt, but without impairing the mortgagee's (or trustee's) right to sue, or it may pay the mortgage debt and require an assignment thereof and of the mortgage."

It (the error of this court) was due primarily to the failure of the writer to more carefully examine the record than he did.

It appeared in the record that the companies issuing the policies to Collins were not, and claimed they were not, liable to him, and that they paid the mortgage debt and took an assignment thereof and of the mortgage. By such payment and assignment said companies became the owners of the mortgage debt, and, as such, were entitled to look to Mrs. Farmer for payment thereof. Alamo Ins. Co. v. Davis, 25 Tex. Civ. App. 342, 60 S. W. 802; Mosby v. Ins. Co., 285 Mo. 242, 225 S. W. 715; Milwaukee Mechanics' Ins. Co. v. Ramsey, 76 Or. 570, 149 P. 542, Ann. Cas. 1917B, 1132, L. R. A. 1916A, note page 562. It appeared, further, that, after the fire, Mrs. Farmer transferred to the mortgage company as security for the debt she owed it the claim she had against appellant on account of the policy it had issued to her; and it appeared, further, that thereafter, in consideration of the amount due upon the mortgage, the mortgage company transferred to appellee Wright, as trustee for the companies issuing the policies to Collins, the indebtedness of Mrs. Farmer to it and the mortgage securing same, "and all claims (quoting) that it might have against the Girard Fire & Marine Insurance Company under its policy." It appears in the statement of facts that appellant in open court stated it made no claim "that its policy of insurance (quoting) was void, but that its position was that the companies carrying the policies in the name of Collins were liable to the mortgagee to the extent of the mortgage debt, and that the Girard Fire & Marine Insurance Company was responsible to Mrs. Gladys Farmer only for the difference between the mortgage debt and the amount of loss and damage." So, it seems, the real question on the appeal was not one as to liability of appellant on the policy it issued, for that was admitted, but was one as to the amount of its liability and as to who was entitled to enforce same. We do not think it appeared that appellant's liability was "secondary," or that it was for a sum less than the policy, for any of the reasons urged by it. It appeared the loss by fire amounted to a sum greater than the amount of the policy sued upon. Therefore, we think, the liability of appellant was for the full amount of the policy.

The motion of appellant will be overruled, and the motion of Mrs. Farmer and the trustee will be granted, and the judgment heretofore rendered by this court will be set aside, and the judgment of the court below will be affirmed.