MARGARET MOSBY and CHARLES V. MOSBY et al. v. AETNA INSURANCE COMPANY, AMERICAN INSURANCE COMPANY, and FREDERICK ESSEN, Trustee, Appellants.

Division One, December 2, 1920.

1. **FIRE INSURANCE: Change of Title.** Where the fire insurance policy contained the usual clause that "this entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void, if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance," a conveyance, without notice to the com-

pany, before the fire occurred, by the execution, acknowledgement and delivery of a deed to third persons, subject to an existing mortgage for $2300, and by placing the grantees in possession. was in violation of the policy contract and invalidated it as to the insured, although a note for $700, evidencing the balance of the consideration for the deed, had not been paid at the time suit was brought.

2. ——: ——: **Avoiding Effect of Deed: Character of Proof.** To avoid the effect of a deed and transfer of possession by the insured, the proof must be clear, cogent and convincing that the deed was not to be delivered, but was placed in the hands of their mother for safe-keeping and to aid in the transfer of the property to the grantees (a sister and her husband) "without further trouble" in case anything happened to them on a contemplated trip to California; and the evidence in this case does not satisfy the rule.

3. ——: **Interest of Mortgagee: Valid Provision.** Provisions in a fire insurance policy that the loss or damage shall be paid to the mortgagee as his interest may appear and that, where the policy has been invalidated as to the mortgagor, the company, upon the payment of the damage to the mortgagee, shall be subrogated, to the extent of the mortgage debt, to his rights, are not invalid. Neither positive law nor considerations of public policy prevent the parties from making such agreements if they choose, nor the courts from enforcing them.

Appeal from St. Louis Circuit Court.—*Hon G. A. Wurdeman,* Judge.

REVERSED (*with directions*).

*Leahy & Saunders* for appellants.

(1) Under mortgage clause providing that the policy shall not be invalidated as to the mortgagee by the acts of the mortgagor, and providing for subrogation of the insurer to the right of the mortgagee, on payment of the loss, the insurer, where the policy has been invalidated as to the mortgagor, is entitled to subrogation to the extent of the mortgage debt, on payment of the loss to the mortgagee. Hackett v. Ash, 72 So. (Ala.), 54; Traders Ins. Co. v. Race, 142 Ill. 343; Insurance

Co. v. Martin, 151 Ind. 209; Allen v. Fire Ins. Co., 132 Mass. 483; Canton Co-op. Bank v. Ins. Co., 219 Mass. 135; Aetna Life Ins. Co. v. Fire Ins. Co., 98 Neb. 449; Hare v. Headley, 54 N. J. Eq. 548, 558; Badger v. Platts, 68 N. H. 224; Ulster County Savings Inst. v. Leake, 73 N. Y. 165; Moulton v. Ins. Co., 36 S. D. 344; Fire Ins. Co. v. Davis, 25 Tex. Civ. App. 343; Gillespie v. Ins. Co., 61 W. Va. 177; 4 Cooley's Briefs on Insurance (1 Ed.), p. 3916; Fire Ins. Co. v. Beffrey, 48 Minn. 12. (2) Under the provisions of the policies, that they were void if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be upon land not owned by the insured in fee simple, said policies were rendered void by the failure of respondent Margaret Mosby to disclose the interest of her husband in said property, when the policies were applied for. American Ins. Co. v. Barnett, 73 Mo. 367; Mers v. Franklin Ins. Co., 68 Mo. 131; Lochner v. Home Mutual Ins. Co., 17 Mo. 255; Koontz v. Hannibal Savings & Ins. Co., 42 Mo. 131; Ice & Power Co. v. American Fire Ins. Co., 196 Mo. App. 247; Holmes v. Kansas City, 209 Mo. 525; Turner v. Home Ins. Co., 195 Mo. App. 141; Genessee Falls Assn. v. Fire Ins. Co., 44 N. Y. Supp. 980; Schroedel v. Humboldt Fire Ins. Co., 158 Penn. 461. (3) Equity will reform a policy, upon parol evidence, only when the agreement really made between the parties, has not, through accident, mistake or fraud, been correctly incorporated in the written instrument; both agreement and mistake must appear by the clearest evidence, and the court will not supply an agreement that was never made. Tesson v. Atlantic Ins. Co., 40 Mo. 36; Grand Lodge v. Sater, 44 Mo. App. 453; Mead v. Westchester Fire Ins. Co., 64 N. Y. 455. (4) Had the decree in favor of respondents on the issue of reformation of the policies, been correct under the evidence and principles of equity, the finding of the court nevertheless should have been in favor of appellants be-

cause, by the clear weight and preponderance of the testimony in the case, it was shown that prior to the fire respondents conveyed their interest in the property to the Thieleckes. Chambers v. Chambers, 227 Mo. 284; Trabue v. Ins. Co., 121 Mo. 81; Dreher v. Aetna Ins. Co., 18 Mo. 135; Eddy v. Ins. Co., 21 Mo. 589; Wishart v. Gerhart, 105 Mo. App. 116; Roe v. Ins. Co., 78 Mo. App. 455; Loan Co. v. Brown, 59 Mo. App. 469; Mackey v. Basil, 50 Mo. App. 193; Marcus v. Ins. Co., 187 Mo. App. 136; Barnard v. Ins. Co., 27 Mo. App. 33. (a) Even a preponderance of the evidence is insufficient to overcome the effect of a notary's certificate of acknowledgement; the evidence sufficient for this purpose must be clear, cogent and convincing. Springfield Co. v. Donovan, 147 Mo. 630; Fifer v. McCarty, 243 Mo. 47; Webb v. Webb, 87 Mo. 541; Barnett v. Davis, 104 Mo. 555; Rust v. Goff, 94 Mo. 518. (b) Respondents' evidence showing an agreement to convey gave rise to a presumption that they executed a deed in conformity to such sale as in the usual course of business. Fitzgerald v. Barker, 85 Mo. 21; Fox v. Windes, 127 Mo. 511. (c) Possession of the instrument by the Thieleckes was shown, and such possession is prima-facie evidence of delivery. Pitts v. Sheriff, 108 Mo. 115; Scott v. Scott, 95 Mo. 308; Fontaine v. Boatmen's Savings Inst., 57 Mo. 561. (d) The conveyance of the property back to the respondents, after the loss, did not work a revivor. Marcus v. Ins. Co., 187 Mo. App. 136.

*Fredrick H. Bacon* for respondents.

(1) Subrogation is a doctrine of equity intended to enable fire insurance companies which have paid a loss caused by the wrongful act of a third party and for which the insured would have an action, to be substituted for the insured and recover the damages which might have been recovered by the insured. Being an equitable doctrine, courts will not enforce a claim for subrogation unless to do so would be equitable under

the circumstances. Loewenstein v. Ins. Co., 227 Mo. 100; Traders' Ins. Co. v. Race, 142 Ill. 338; 5 Joyce on Insurance, sec. 3537; Pomeroy, Eq. Jur. (2 Ed.) sec. 1419, note. (2) The payment in this case of the insurance to the mortgagee was a payment in satisfaction of the debt, which was thereby extinguished. Loewenstein v. Ins. Co., 227 Mo. 124; Ins. Co. v. Ramsey, 76 Ore. 570, 149 Pac. 542, Ann. Cases, 1917B, 1132, L. R. A. 1916A. 556; Carpenter v. Ins. Co., 16 Pet. 495, 10 U. S. (L. Ed.) 1044; Cone v. Niagara F. Ins. Co., 60 N. Y. 619; Havens v. Germania Ins. Co., 135 Mo. 649; Home Ins. Co. v. Marshall, 48 Kan. 235, 29 Pac. 161; Graves v. Hampden Ins. Co., 10 Allen (Mass.) 281; Burton-Lingo Co. v. Patton, 15 N. M. 304, 107 Pac. 679, 27 L. R. A. (N. S.) 420. (3) In this case to enforce subrogation, and hold that the right of the mortgagors to have the insurance paid in satisfaction of the debt was lost, would be to enforce an unconscionable agreement. (4) The policies in question were issued payable to Margaret Mosby, instead of to her and her husband, because of a mutual mistake. It was the intention of the companies to make the policies payable to the owners of the property. The president of the Yeckel Agency Co. held a deed of trust on the property and also a certificate of title showing that the title to the property was in the name of Mosby and her husband jointly. Equity will correct a mistake whenever it is necessary to do so in the interests of justice. Hearne v. Marine Ins. Co., 20 Wall. 488; 1 Cooley's Briefs on Insurance, 855; Clem v. German Ins. Co., 29 Mo. App. 673; Balen v. Fire Ins. Co., 67 Mich. 179; Leitensdorfer v. Delphy, 151 Mo. 160; Smith v. Canning Co., 14 Mo. App. 522; Williamson v. Brown, 195 Mo. 313; Meek v. Hurst, 223 Mo. 688; Mfg. Co. v. Car Co., 210 Mo. 715. (5) There is nothing in this case to show that the plaintiffs are guilty of any laches. Bucher v. Hohl, 199 Mo. 330; Meriwether v. Overly, 228 Mo. 242; Spurlock v. Sproule, 72 Mo. 511. (6) There was

no change of title which would violate the conditions of the policy. Terry v. Glover, 235 Mo. 544; Wimpey v. Ledford, 177 S. W. 302; Ulbrigh v. Stevenson, 237 Mo. 233; 2 Cooley's Briefs, 1742; Whitney v. American Ins. Co., 127 Cal. 464; Schaeffer v. Fire Ins. Co., 113 Iowa, 652; Hogadone v. Fire Ins. Co., 133 Mich. 339; Humphrey v. Fire Ins. Co., 12 Fed. Cas. 883; Dean v. Equitable Fire Ins. Co., 7 Fed. Cas. 301; Brown v. Manufacturers' Ins. Co., 156 Mass. 587; Baldwin v. Phoenix Ins. Co., 60 N. H. 164; Home Fire Ins. Co. v. Collins, 61 Neb. 198; Walton v. Phoenix Ins. Co., 162 Mo. App. 316.

BLAIR, J.—This is an appeal from a judgment of the St. Louis County Circuit Court (1) reforming two policies of fire insurance, and (2) canceling a deed of trust, and notes secured thereby, which had been executed by respondents.

Respondents are husband and wife, and in 1910 took title to a lot in Webster Groves as tenants by the entireties. In May, 1913, they executed a deed of trust upon this lot to secure a note for $2,300, payable to Henry Wood. Respondents secured from each of these appellants a policy of fire insurance for $1,500, each of which policies by its terms insured Margaret Mosby, alone, against loss by fire on the dwelling house on the lot in question. Each policy contained a clause making it payable to the mortgagee as his interest might appear. A part of the "standard mortgage clause" will be particularly referred to later in this opinion. The dwelling burned in February, 1915. Thereafter respondents brought this suit to reform the policies so that they would stipulate to insure both respondents as owners of the burned building and for judgment on the policies as reformed. Payment of the policies had also been refused by appellants, in so far as respondents were concerned, because of a claim that respondents had, without notice to appellants, conveyed the title to the prop-

erty to third parties before the loss occurred. This, if true, was in violation of the policy contract and invalidated it as to the insured. Appellants paid Wood the amount of his notes and took an assignment of them.

The two questions of fact tried were (1) whether the issuance of the policies to Margaret Mosby as sole owner was the result of a mistake justifying reformation, and (2) whether a deed to Henry E. and Amy V. Thielecke, admittedly bearing the signatures of respondents, had actually been executed and delivered, as a conveyance, by respondents. The principal question of law briefed concerns the effect of the mortgage clause to which reference has been made. Appellants contend the evidence did not show a mistake entitling respondents to reformation of the policies; that the policy was void as to respondents under its provisions (1) because Margaret Mosby, the insured named, was not the sole owner, and (2) was rendered void as to respondents because of the deed to the Thieleckes; and that since it was void as to respondents, they, appellants, are entitled to be subrogated to the rights of Wood under his mortgage, the debt secured by which mortgage appellants have paid.

I. Each policy contained the usual provision that: "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise."

Respondents do not question the invalidating effect of this provision (Trabue v. Ins. Co., 121 Mo. l. c. 80, 81; Dreher & Bumb v. Ins. Co., 18 Mo. l. c. 134, 135) in

Avoiding Deed.

case it was violated, but contend that the Thielecke deed was never delivered, was therefore a nullity, and, consequently, did not con-

stitute a violation of the quoted stipulation. [Terry v. Glover, 235 Mo. 1. c. 550.] The deed whose invalidity is thus asserted was put of record in September, 1914, by Henry E. Thielecke. It was dated January 12, 1914, and appears to have been acknowledged January 27, 1914. Tht grantees therein were Henry E. Thielecke and Amy v. Thielecke, husband and wife. Mrs. Thielecke is the sister of respondent Margaret. Respondents say they neither acknowledged nor delivered the deed. They assert that the first time they heard of the Thielecke deed was some sixty days or more after the dwelling was burned. They testify that in August, 1913, they entered into an agreement with the Thieleckes whereby the latter were to move into the property and occupy it as a dwelling, assume the $2,300 mortgage, pay the taxes, keep up the repairs and get the title when they paid respondents the sum of $700; that a note for $700, payable to respondents and signed by the Thieleckes, was delivered to respondents about August 23, 1913, as a part of this transaction. Respondents still have this note. They admitted the signatures to the Thielecke deed are their genuine signatures, and, in effect, admitted that the signature of the notary whose name is appended to the acknowledgment is genuine. Their further testimony, in substance, is that in December, 1913, they contemplated a trip to California; that at this season it was a dangerous trip; that they had heard of accidents; that they concluded that if anything happened to them on the trip they wished the Thieleckes to have the property "without further trouble." Having reached this conclusion they say they procured a warranty deed blank, signed it in this blank condition and then turned it over to the mother of respondent Margaret for safekeeping; that this was done in view of the dangers of the approaching California trip. They say they did not take the journey to California and never authorized the filling out or delivery of the deed.

Henry E. Thielecke testified that respondents sold him the property for $3,000; that he was to assume the $2,300 mortgage and pay an additional $700; that he and his wife executed and delivered the $700 note now in respondents' hands, to cover the latter sum. (Respondents offer evidence that the $700 note was given in August, 1913, to constitute security that the 'Thieleckes would pay the taxes) The Thieleckes moved into the property and lived there for some time; they paid the taxes. They executed a second mortgage for $300 out of which they paid off some $200 back taxes, running back to the acquisition of title by respondents in 1910, or earlier. As collateral for this second mortgage the Thieleckes took out an insurance policy for $300, which was paid after the fire and the proceeds used to pay off the second mortgage. Thielecke testified that the Mosby deed was delivered to him; that he neglected to record it for some months; that Mosby discovered this and urged him to record it at once, which he did. Thielecke got the impression that Mosby feared accruing taxes might be charged to him unless the deed was re- corded. Mrs. Thielecke corroborated her husband as to the contract of purchase, and testified they had the deed at their home after they moved there; that her sister, respondent Margaret, "talked" her (the witness) "into inducing" her husband to buy the home and said it would be easy and "if the doctor's" (respondent Charles's) "business went well," the $700 note would never have to be paid. Appellants' counsel attempted to prove by Thielecke the reason for deeding the property back to the Mosbys. Respondents' counsel objected, and the question was withdrawn.

Miss Pfeifer, the notary, testified she took the acknowledgment of both respondents to the Thielecke deed. She had known both for some years and had taken previous acknowledgments for them. Her office was in the same building with that of respondent Charles V. She produced a memorandum book in which she testi-

fied she listed the names of persons whose acknowledgments or affidavits she took.   A photographic copy of a page of this is in the record.   It shows the names of respondents entered on the  same date on which the ackowledgments purport to have been taken.   These names are preceded and followed by the names of other persons, listed under dates running in regular order. Miss Pfeifer testified she sometimes certified to names or signatures for minor matters, like applications for automobile licenses or for copy rights, but in no case certified to an acknowledgment to a deed of any kind unless the grantor personally appeared.

Mrs. Cavanaugh, the mother of respondent Margaret, in whose care respondent said they left the alleged blank deed they testified they signed, was shown to live, at the time of trial, at Cuba, Missouri.  Respondents neither subpoenaed her nor offered her deposition, nor explained their failure to secure her testimony.   There are discrepancies in the evidence on both sides of a minor character, but the above is the substance of the competent evidence on this question.

It seems to us to need no argument to show that respondents have not produced the requisite weight of evidence to show want of delivery of the Thielecke deed. Their own testimony is not convincing.   Their interest is to be considered.   The notary and Thielecke and his wife have no interest in this controversy.   Their testimony has nothing on its face to discredit it.   The testimony set out above seems to show clearly that respondents did not sustain their attack upon the Thielecke deed by evidence sufficiently "clear, cogent and convincing" to satisfy the applicable rule (Fifer v. McCarty, 243 Mo. l. c. 47), and we are of the opinion that this deed must, on the evidence, be held to constitute a transfer of title which invalidated the policy in so far as respondents are concerned.   This conclusion renders it unnecessary to discuss the question whether the trial court was justified in reforming the policies so as to insert the names of both the respondents as the insured.

II. Appellants paid the Wood mortgage. This was the mortgage referred to in the policies. The mortgage clause in each policy reads as follows:

"Mortgage Clause With Full Contribution.

"Loss or damage, if any, under this policy, shall now be payable to H. W. Kroeger, as a trustee mortgagee (or trustee) as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee or trustee shall, on demand, pay the same."

Other provisions which need not be set out follow, and the mortgage clause concludes as follows:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his claim."

Neither postive law nor considerations of public policy prevent the making or enforcement of a contract provision of this sort. We see no reason why the parties are not free to enter into such an agreement if they see fit. The authorities, in cases in which the facts are

such as those in the case at bar, are quite one way. They uphold and enforce the agreement. [Allen v. Ins. Co., 132 Mass. l. c. 482, 483; Sterling F. Ins. Co. v. Beffrey, 48 Minn. l. c. 12; Ins. Co. v. Martin, 151 Ind. l. c. 220, et seq.; Hare v. Headley, 54 N. J. Eq. l. c. 556, et seq.; Badger v. Platts, 68 N. H. l. c. 224, 225; Ulster Co. Savings Inst. v. Leake, 73 N. Y. l. c. 165, 166; Alamo F. Ins. Co v. Davis, 25 Tex. Civ. App. l. c. 343; Gillespie v. Ins. Co., 61 W. Va. l. c. 175, et seq.; 14 R. C. L. sec. 569; 19 Cyc. pp. 895, 896; 4 Cooley, Briefs on Laws of Insurance, pp. 3916, 3917.] The cases are collected in notes to Milwaukee Mechanics' Ins. Co. v. Ramsey (76 Oregon, 570) in L. R. A. 1916A, 556 et seq., and in Ann. Cases 1917B, l. c. p. 1140, et seq.

The decision in Loewenstein v. Ins. Co., 227 Mo. 100, will be found to be based upon a distinction which was thought by the court to exclude cases like that at bar from the influence of that decision. No valid objection to the enforcement of the quoted stipulation is advanced.

The judgment is reversed with directions to the trial court to enter judgment in accordance with the prayer of appellants' cross-bill. All concur.