EQUITABLE FIRE & MARINE INSURANCE COM-
PANY, Appellant, v. HOLLAND BANKING COM-
PANY, Respondent.*

Springfield. Court of Appeals, May 12, 1924.

1. **INSURANCE: Provision of Policy for Subrogation of Insurer to Rights of Mortgagee Receiving Payment of Loss Valid and Enforceable.** Provisions of insurance policy that, in the event a loss was paid to the mortgagee, or his assigns, and the insurer should at the time deny liability to the owner or mortgagor, then insurer would be subrogated to the rights of the mortgagee, or his assigns, to the extent of such payment, is valid and enforceable.

2. **MORTGAGES: Mortgagee's Assignment to Insurer of Rights Against Mortgagor Held Without Consideration.** Where policy of insurance contains provision for subrogation of insurer to rights of mortgagee on payment of loss to mortgagee, an agreement by the mortgagee at the time of receiving such payment, which insurer admits was due mortgagee, assigning to insurer an interest in the mortgage debt to the extent of such payment, was without consideration.

3. **TRUSTS: Equitable Rights Growing Out of Executed Trust Enforced, Although Made Without Consideration.** It is generally true that when there is a completely executed voluntary contract to establish a trust, and nothing further remains to be done by the grantor to transfer the title, the relation of trustee and *cestui que trust* is established, and the equitable rights growing out of such conveyance in trust, although made without consideration, will be recognized and enforced.

4. ————: **Insurer Held Without Cause of Action Against Mortgagee Receiving Payment of Loss for Release of Mortgagor.** Where policy provided that insurer, upon payment of loss to mortgagee of insured property at time liability to insured himself was denied, should be subrogated to mortgagee's rights against insured, and where mortgagee, at the time of receiving such payment assigned to insurer an interest in mortgage debt, but subsequently satisfied same of record and released insured, *held* insurer's cause of action was to enforce its rights by subrogation, and that it had no cause of action against the mortgagee for breach of trust in releasing mortgagor.

5. **INSURANCE: Mortgagee's Release of Insured after Receipt of Payment from Insurer Held not to Defeat Insurer's Rights by Subrogation Against Insured.** Release by mortgagee of insured property of mortgagor after insurer's payment of loss to mortgagee, *held* not to extinguish insurer's lien or rights by subrogation against the mortgagor, as to whom it was denying liability at the time of payment to mortgagee.

---

*Headnote 1. Fire Insurance, 26 C. J., section 625; 2. Mortgages, 27 Cyc, p. 1284; 3. Trusts, 39 Cyc, p. 42; 4. Trusts, 29 Cyc, p. 571; 5. Fire Insurance, 26 C. J., section 625.

Appeal from Greene County Circuit Court.—*Hon. Orin Patterson*, Judge.

AFFIRMED.

*Lincoln & Lincoln* and *Wilfley, Williams, McIntyre, Hensley & Nelson* for appellant.

(a) The petition states a good cause of action upon an express trust. Harris Banking Co. v. Miller, 190 Mo. 640; Leeper v. Taylor, 111 Mo. 312, 324; 39 Cyc. 42, and cases therein cited. (b) In a petition based upon a trust fully declared it is not necessary to allege a consideration

for the trust. Leeper v. Taylor, 111 Mo. 312, 324; 39 Cyc. 42. (c) Under the facts pleaded in the petition, plaintiff became subrogated to defendant's rights in a portion of the note and deed of trust. Mosby v. Aetna Ins. Co., 225 S. W. 715; State v. Reynolds, 232 S. W. 689.

*G. G. Lydy* for respondent.

(a) Plaintiff's right of subrogation has nothing whatever to do with the defendant's right to recover on the policy as mortgagee. State ex rel. v. Reynolds, 289 Mo. 382, 232 S. W. 689; Loewenstein v. Queen Ins. Co., 227 Mo. 100, 118; Hartford Ins. Co. v. Olcott, 97 Ill. 439; City Bank v. Penn Fire Ins. Co., 122 Mass. 165; Phoenix Ins. Co. v. Floyd, 19 Hun, 287; Hastings v. Ins. Co., 73 N. Y. 141. (b) If plaintiff has any cause of action, it is against the mortgagor and the property, and not against this defendant as mortgagee. The subrogation agreement signed by the defendant operates to transfer to the insurer, the plaintiff, only to the extent of its payment, the rights of the defendant against the debtor. This would be accomplished by operation of law without any assignment and must be effected so as not to impair the right of the defendant as mortgagee to recover the full amount of its claim. State ex rel. v. Reynolds, 289 Mo. 382, 232 S. W. 689; Young Men's Lyceum v. Ins. Co. Co., 163 N. Y. S. 226, 177 App. Div. 351; Insurance Co. of N. A. v. Martin, 151 Ind. 209, 51 N. E. 361. (c) The insurer may recover the amount of his payment from the mortgagor either at law or in equity; the payment of the insurance only changes the creditor. Carpenter v. Ins. Co., 41 U. S. 495, 501. (d) The right of the mortgagee fully to collect the debt must take precedence of the right of subrogation, leaving in the insurer only a right to any surplus realized on the securities beyond the debt as reduced by the payment of the insurance. The petition pleads no such surplus and none exists. Phoenix Ins. Co. v. First National Bank, 85 Va. 765, 17 Am. St. Rep. 101; New Eng. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Carroll v. Ins. Co., 154 Pac. 985;

Aetna Ins. Co. v. Fire Ins. Co., 98 Neb. 446, 153 N. W. 553. (e) The alleged release of the deed of trust does not affect plaintiff's rights. The defendant did all it could do in signing the subrogation agreement, and was thereafter powerless to destroy the right so assigned. Equity keeps the lien alive as against the debtor's property and the plaintiff is substituted in place of the defendant as creditor. Furnold v. The Bank of Mo., 44 Mo. 336-340; Holland Banking Co. v. See, 146 Mo. App. 269, 275; Memphis R. R. Co. v. Dow, 120 U. S. 301; Ulster Co. Sav. Inst. v. Leake, 73 N. Y. 161; 29 Am. Dec. 115. (f) "The party who is subrogated is regarded as constituting one and the same person with the creditor whom he succeeds." Clark v. Bank, 57 Mo. App. 277, 283, citing Sheldon on Subrogation, sec. 2; Harris' Law of Subrogation, sec. 1. "Discharge of the debt and cancellation of the superior lien would not destroy the right of subrogation. The debt will be binding and the lien alive and active under the rule of subrogation." San Antonio Cattle Loan Co. v. Blalack, (Texas), 256 S. W. 974, 976. (g) Plaintiff concedes that it was liable to defendant "in any event" under the standard mortgagee clause. This operated as an independent insurance upon the mortgagee's interest, and gives defendant the same protection as if it had taken out a separate policy, free from the conditions imposed on the owner. Syndicate Ins. Co. v. Bohn, 27 U. S. App. 564, 65 Fed. 165; Hartford F. Ins. Co. v. Olcott, 97 Ill. 439; Phoenix Ins. Co. v. Omaha Trust Co., 41 Neb. 743; Eddy v. London Assur. Corp., 143 N. Y. 311, 38 N. E. 307.

BRADLEY, J.—Plaintiff filed its bill in equity seeking to recover for an alleged breach of trust. Defendant interposed a general demurrer which was sustained. Plaintiff refused to further plead, and the court dismissed the bill, from which judgment of dismissal plaintiff appealed.

Plaintiff in substance alleged: (1) That on July 4, 1912, it issued to the owner, J. C. Williams, a fire insurance policy for $1500 on a certain dwelling house in

Springfield, Mo., said policy being issued for a term ending July 4, 1916, and contained a loss payable clause in favor of one C. C. Marsden, mortgagee, as his interest might appear; and that said policy also provided it should be void if any change, other than by death of the insured, should take place in the interest, title or possession of the subject of the insurance, whether by legal process or judgment or by voluntary act of the insured or otherwise, unless such was provided for by agreement and endorsed on the policy.

(2) That said policy provided that in the event plaintiff should pay the mortgagee or his assigns any sum for loss under said policy, and should at the time claim that as to the mortgagor or owner no liability existed, that in such event plaintiff should, to the extent of such payment, be subrogated to all the rights of the party to whom such payment might be made, and to all securities held as collateral to the mortgage debt, provided that no subrogation should impair the right of the mortgagee to recover the full amount of the claim.

(3) That C. C. Marsden held a note for $5655 secured by trust deed on said property, which trust deed was duly recorded, and that on January 15, 1916, and while the policy was in force so far as concerned the mortgagee or his assigns, a damage by fire occurred to the insured dwelling to the amount of $1059.80; that prior to the loss the owner, J. C. Williams, had conveyed the insured dwelling without giving notice to plaintiff of said conveyance and without its consent, and without assigning the policy, and that because of said conveyances plaintiff company incurred no liability as to Williams, the owner and mortgagor.

(4) That at the time of the loss or damage by fire defendant was the owner of the note and deed of trust given to Marsden, said Marsden having assigned to defendant, and that after the fire defendant made proof of loss to plaintiff, and as assignee of the mortgagee demanded of plaintiff the sum of $1059.80, and represented that said deed of trust was still in force and effect, and was a first lien upon said property, and that no portion

of the $5655 note had been paid, and "proposed that if the plaintiff would make said payment that it, the defendant, would hold said deed of trust and mortgage debt and note in trust for the plaintiff or its assigns to secure to the plaintiff its subrogated rights as aforesaid to the extent of $1059.80 in said mortgage debt."

(5) That relying upon said promises, and denying liability as to the mortgagor, Williams, plaintiff on November 14, 1916, paid to defendant the sum of $1059.80, and thereupon, and in consideration thereof, defendant executed in writing an article of subrogation wherein defendant assigned to plaintiff an interest in the mortgage debt to the amount of $1059.80, and "agreed to hold said mortgage debt, note and securities and the proceeds thereof, in trust for plaintiff or its assigns to the amount of the aforesaid payment," subject only to the prior rights of defendant to have the full amount remaining due on said mortgage debt.

(6) That at some date subsequent to November 14, 1916, the exact date being unknown, defendant surrendered and delivered the mortgage note to the maker or his assigns, and at said time released or caused to be released of record said deed of trust, all without regard for the rights of plaintiff in said mortgage lien; that at all times prior to the date when defendant surrendered the note and trust deed and released same of record, the real estate covered by the trust deed or mortgage lien had a reasonable market value of $1059.80 plus any amount remaining due or to become due on said mortgage debt.

(7) That at the time defendant surrendered said note as aforesaid the maker thereof had not, nor had any one for the maker, paid the full amount thereof, but that there had been paid an amount which was $1059.80 at least less than the face of said note, and at said date there still remained due and unpaid as a liability of the maker of said note a sum in excess of $1059.80.

(8) That the acts and conduct of the defendant in and concerning the mortgage debt were wrongful, fraudulent and in direct violation of said trust, which for a valuable consideration defendant had agreed to assume

and perform for the benefit of plaintiff, and that by reason of its wrongful and fraudulent acts defendant destroyed plaintiff's property right in and to said security and mortgage debt, to plaintiff's damage. The prayer is that defendant be compelled to account to plaintiff for the full value of plaintiff's property right, and that the court render judgment in favor of plaintiff and against defendant for $1059.80 with interest.

The subrogation agreement, which was attached to the petition, is as follows: "Whereas, the Equitable Fire & Marine Insurance Company of Providence, Rhode Island, did at its agency at Springfield, Missouri, issue to J. C. Williams a certain policy of insurance numbered D633 and covering $1500, on one and one-half story and basement frame dwelling and additions, as more particularly described in said policy, said property being situate at No. 722 South Street, Springfield, Missouri, and the legal description of said location being:  (Here follows description)

Whereas, previous to June 4, 1916, the expiration of said policy, and on the 15th day of January, 1916, a fire occurred damaging said dwelling to the amount of $1059.80; and,

Whereas, said policy contains a mortgage clause in favor of C. C. Marsden or assigns; and,

Whereas, at the date of said fire the undersigned, the Holland Banking Company, was and still is the owner of the deed of trust referred to in said mortgage clause and the note secured thereby, having acquired same by purchase and assignment from said C. C. Marsden; and

Whereas, the said Equitable Fire & Marine Insurance Company has this day paid the said Holland Banking Company the sum of ten hundred and fifty-nine and 80/100 dollars, and claims that as to said J. C. Williams no liability exists, he having previous to said fire parted with all interest in the property herein described as covered by said policy.

Now, therefore, in consideration of said payment and of the premises, and in accordance with the terms of said mortgagee clause the said Holland Banking Company

hereby assigns to said Equitable Fire & Marine Insurance Company an interest in the mortgage debt protected by said mortgagee clause and in all the securities held collateral thereto to the amount of the aforesaid payment made by the said Equitable Fire & Marine Insurance Company, and agrees to hold said debt and securities and the proceeds thereof in trust for the said Equitable Fire and Marine Insurance Company or its assigns to the amount of the aforesaid payment; subject always, however, to the prior right of the said Holland Banking Company to receive and retain therefrom the full amount remaining due it on said mortgage debt, subject however to the conditions and terms of deed of trust securing said original indebtedness.''

Plaintiff states in its brief that the trial court sustained the demurrer on the ground that there was no consideration to support the subrogation agreement. Plaintiff pleads as shown in paragraph 2, as we have for convenience arranged the substance of the petition, that the policy provided that in the event a loss was paid to the mortgagee or his assigns, and the plaintiff should at the time deny liability to the owner or mortgagor, then plaintiff would be subrogated to the rights of the mortgagee or his assigns to the extent of such payment. Such provision in the policy was valid and enforceable. [Mosby v. Aetna Ins. Co., 285 Mo. 242, 225 S. W. 715.] Such being the case a subrogation agreement with defendant was not necessary in order to give plaintiff the right of subrogation. Also as appears in paragraph 3 of the petition plaintiff admits that the policy was, at the time of the fire, in full force and effect so far as concerned the mortgagee or his assigns. In other words plaintiff admits liability, under the policy, to defendant, hence it was not necessary for defendant to enter into any agreement in order to recover on the policy. [State ex rel. Am. Cent. Ins. Co. v. Reynolds et al., 289 Mo. 382, 1. c. 402, 232 S. W. 683.] Neither was the alleged proposal by defendant as pleaded in paragraph 4 necessary in order to recover on the policy. If plaintiff was liable to defendant for the loss it was not necessary for defend-

ant to promise to do anything in order to recover. There was no consideration for the alleged promise of defendant to hold the mortgage debt etc., in trust as pleaded in paragraph 4. Such promise was wholly gratuitous. Defendant's right to recover as mortgagee on the policy was in no manner dependent upon plaintiff's right of subrogation. These respective rights were given by the policy contract. Also the right of subrogation was created by operation of law. [Loenstein v. Ins. Co., 227 Mo. 100, 127 S. W. 72.]

Plaintiff contends that if it be found that there was no consideration to support the promises and agreements pleaded that still defendant is bound, because, as plaintiff argues, the alleged trust was accepted by defendant, and that defendant retained the possession of the trust property. It is generally true that when there is a completely executed voluntary contract to establish a trust, and nothing further remains to be done by the grantor to transfer the title, the relation of trustee and *cestui que trust* is established, and the equitable rights growing out of such conveyance in trust, although made without consideration, will be recognized and enforced. [39 Cyc. 42.] But plaintiff's cause is that of enforcing its *right of subrogation,* and it has pleaded no fact which would justify redress in the nature of a trust judgment against defendant.

In paragraph 6 plaintiff alleges that defendant, without regard for plaintiff's rights, delivered the mortgage note to the maker or his assigns, and released or caused to be released of record the deed of trust, and that at all times prior to said surrender of the note and release of record, the mortgaged property had a reasonable market value of $1059.80 plus any amount due or to become due on the mortgage debt. In paragraph 7 it is alleged that at the time defendant surrendered the note, the full amount due thereon had not been paid, but that there had been paid an amount less by $1059.80 than the true amount due on the note. In effect plaintiff charges that defendant considered the $1059.80 payment under the policy as a credit on the note.

For the purposes of the demurrer defendant, as alleged in paragraphs 6 and 7, surrendered the note and satisfied the record, although the maker or his assigns had paid $1059.80 less than the true amount due on the note according to its tenor. But would such acts on the part of the holder of the note and trust deed extinguish plaintiff's lien, or deprive plaintiff of any remedy it may have had to enforce its lien? We think not. [State ex rel. v. Reynolds, supra.] Plaintiff paid to defendant an amount which it admits it was legally bound to pay by virtue of the insurance contract. But, notwithstanding it was legally bound to pay, plaintiff urges that when it paid this amount it did so under such circumstances that it reserved the right to recover it back, if defendant did not do and perform certain things, which, in the first instance, defendant was not bound to undertake or do in order to recover on the policy. If the policy was not void as to the mortgagor or his assigns then plaintiff ought not to be permitted to recover from any one, but that question is not before us. Here it is pleaded, and by the demurrer admitted, that as to the mortgagor or owner the policy was void. In other words it is admitted that plaintiff was subrogated to the rights of defendant in the lien to the amount of $1059.80, and that the mortgagor owes that amount to plaintiff, yet plaintiff seeks to recover said amount from defendant, because defendant made a gratuitous promise to it.

We are clearly of the opinion that plaintiff's petition states no cause of action against defendant. The judgment below was for the right party and should be affirmed, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.