132

## RICHARDSON

v.

## EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN.

### No. 7262.

Springfield Court of Appeals.

Missouri.

June 15, 1954.

William C. Batson, Jr., Jones & Batson, New Madrid, for appellant.

Harry H. Bock, New Madrid, for respondent.

McDOWELL, Presiding Judge.

This action is for damages on an insurance policy for alleged injuries to plaintiff's automobile caused by a collision with another car. The cause was tried in the Circuit Court of New Madrid County resulting in a verdict and judgment for plaintiff for $255. Defendant appealed.

The petition alleged defendant-company insured plaintiff's Cadillac against loss by collision; that the premium had been duly paid; that while the policy was in force and effect on April 29, 1952, plaintiff's automobile was damaged in a collision in the sum of $510.33; that defendant-company had been duly notified of the damage and has vexatiously refused to pay plaintiff said damages; that as a result of such refusal defendant owes plaintiff a reasonable attorney's fee in the sum of $500 and 10% of the damages for vexatious delay.

The answer is a general denial of liability under the policy and a special plea that plaintiff violated the terms of said policy by making a full and complete settlement with the driver of the other car involved for the sum of $754.24 and gave a written release to said third party, releasing him from any and all damages growing out of this accident. The answer states that this release is a violation of section 15 of the policy which provides that defendant-company be subrogated to the rights of plaintiff against any person or organization causing such injury.

The policy of insurance, introduced in evidence, was admitted by the parties to be in force and effect at the time of the alleged injury.

Section 15 of this policy reads as follows: "Subrogation—Coverages A, B, H, Y, D, E and I. In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

Walter Richardson, plaintiff, testified that the collision occurred on April 29, 1952, south of Sikeston, in New Madrid County; that a Mr. Farmer was drunk and backed his car out into Highway 61 and hit plaintiff's car in the side; that the accident happened about 7:00 or 8 o'clock in the evening. He testified that his Cadillac was purchased from the Semo Motors Company in Sikeston, Missouri, and had been driven about 1,300 miles at the time of the accident; that the car had been damaged about $1,300. He stated the Semo Motors Company looked the car over after the collision and estimated the damage at $754. He stated he sold the car before it was repaired.

As to the settlement plaintiff testified that he made the settlement with Mr. Farmer, the driver of the other car, before he knew he had insurance; that the company had written the insurance some sixty days before the accident. He stated he had never received the insurance policy but that when he received a bill for the premium, he found out he had the insurance and that he then notified the company of his claim; that he paid the premium June 6th.

The witness gave this testimony:

"Q. I hand you Defendant's Exhibit 2 and ask you if that is your signature? A. It is.

"Q. Would you tell the Court and jury what that writing or estimate is over your signature? Would you read it? A. This is an agreement I made with this man before I knew I had any insurance.

"Q. I hand you defendant's Exhibit 3. Is that your signature? A. Yes. That is the check made to Bill Acord from E. P. Coleman Cotton Company. I couldn't get anything out of the man.

"Q. Did you receive the $754.00? A. I certain did, and deposited it in the bank.

"Q. Do you understand what the effect of giving a man a release is? A. I don't see why I couldn't give the man a release.

"Q. Do you understand the effect of giving a man a release? A. Yes. It releases him in full. I was glad to get that $754.00."

Defendant's exhibit 1, shown in evidence, reads as follows:

"I am inclosing a bill for parts for the wrecked Cadillac two door bill from Semo Motor Co. Sikeston, Mo. in the amount of $754.28.

"I sold this wrecked car to the Steele Motor Co. at Steele, Mo. for $3100.00 making a total of the gross amount $3854.28. This car was new *hand* had less than two thousand miles on it this car cost me $4364.60 I purchased this car from Semo Motor Co. Sikeston, Mo. Which was cheaper on you since you only had a loss $510.32 less your deduction.

"I would not have sold this car if I had known that you had the car insured as you well know that you have never delivered me a policy on this car altho it was long past due to be delivered and my first time knowing any thing about the insurance was when you sent me a notice of the premium due you. * * "

Defendant's exhibit 2, which is the release agreement executed by plaintiff to Farmer, reads:

"For and in Consideration of a release by Walter Richardson, the undersigned E. A. Acord and Vester Farmer hereby promise to pay to Walter Richardson and the Semo Motor Company

the sum of Seven Hundred Fifty Four Dollars and Twenty Four Cents ($754.-24), which sum will be paid as soon as the motor vehicle belonging to Walter Richardson has been repaired by the Semo Motor Company.

"By his signature hereon, Walter Richardson does here release Vester Farmer, his agents and servants, from any and all claims arising out of a certain automobile collision occurring south of Sikeston, Missouri, on April 29th, 1952.

> "(s)  E. A. Acord
> "(s)  Walter Richardson"

Defendant's exhibit 3 was a check showing payment to plaintiff for $754. Plaintiff admitted receiving the payment so there is no use in setting out the exhibit.

The evidence above set out covers the essential issues to be passed upon.

In this opinion we will refer to appellant as defendant and to respondent as plaintiff, being the position they occupied in the lower court.

Defendant's first allegation of error complains that under the evidence, which is not in dispute, plaintiff violated his contract by releasing in full the third party tortfeasor which defeated defendant's rights of subrogation under the policy and it was the duty of the trial court to direct a verdict for defendant. In other words, this assignment of error complains that the evidence was insufficient to support the verdict.

The evidence is undisputed that the damages to plaintiff's automobile sued for arose out of a collision between plaintiff's car and a car owned and driven by one, Farmer; that Farmer was drunk and backed his car out into plaintiff's car and was at fault. Plaintiff testified to these facts. The record is undisputed that after the collision plaintiff took his car to Semo Motor Company in Sikeston, Missouri, being the place where he had purchased it, and got an estimate of damages from said company which was for $754. Plaintiff testified that before he knew he had insurance he made a full and

complete settlement with Farmer and received payment for his damages in the sum of $754. He admits that he gave Farmer a full and complete release by a written instrument, which is introduced in evidence. In this release the following words were used: "By his signature hereon, Walter Richardson does hereby release Vester Farmer, his agents and servants, from any and all claims arising out of a certain automobile collision occurring south of Sikeston, Missouri, on April 29th, 1952."

It is the contention of defendant that this release violated the terms of the insurance contract sued on because it deprived defendant of its rights under the contract to be subrogated to plaintiff's rights against Farmer.

We have set out in the statement of facts the provision of the insurance contract relating to subrogation. The settlement made by plaintiff with Farmer clearly violates these provisions of the contract.

In Le Compte v. Sanders, Mo.App., 229 S.W.2d 298, Judge Vandeventer, speaking for this court, on page 302 of the opinion stated:

> "* * * But where there is no dispute as to the facts, where both sides in their testimony agree to them, it becomes a question of law to be decided by the court. It is our duty to order the trial court to enter such judgment as we think it should have entered, and unless justice requires otherwise, we should finally dispose of the case to the end that litigation may not be unduly prolonged. Axsom v. Thompson, 239 Mo.App. 732, 197 S.W.2d 326."

Ordinarily, the question of plaintiff's right to recover under the insurance policy would be a question for the jury but, as in this case where there is no dispute as to the facts, the question of liability under the policy was one for the trial court and not for the jury. There was no dispute as to the facts in this case upon which defendant denied liability. Plaintiff admitted he made the settlement with the driver of the other car and accepted the money in full

and complete settlement for all damages done and gave a full and complete release. Thus it was a question of law as to whether or not this settlement was a bar to plaintiff's action against defendant.

In 46 C.J.S., Insurance, § 1209(b), page 157, the law is stated:

"An insurer of an automobile against accidental collision, who pays to insured the amount of the damage, is subrogated to insured's rights of action against third persons who may be responsible for the loss. This subrogation takes place by operation of law and irrespective of any express stipulation to that effect in the policy, but insurer may base its claim on a conventional subrogation. * * *"

In General Exchange Ins. Corporation v. Young, 357 Mo. 1099, 212 S.W.2d 396, 400, 401, Judge Clark, speaking for the court, said:

"The business of insuring owners of motor vehicles against property damage by collision is legitimate, useful and widespread. By the insurance contract, before any cause of action accrues, the insured obligates itself to pay the owner any property damages he may suffer under the conditions of the policy, with the right of subrogation to the insurer as to any such damages caused by the fault of another. Thus the insurer stands almost, but not quite, in the relation of surety to the insured. At the moment an insured vehicle is damaged or destroyed by the fault of a third person the insurer has a contingent interest in any recovery of damages to the extent of its liability to the owner. That interest becomes a vested right to reimbursement from the third person when the insurer discharges its policy obligation to the insured. * * *"

Applying this declaration of law to the facts in the case at bar under the policy of insurance sued on, defendant obligated itself to pay the owner, the plaintiff, any property damages he may suffer under the conditions of the policy with the right of subrogation to the defendant as to any such damages caused by the fault of Vester Farmer. At the moment plaintiff's car was damaged by the fault of Vester Farmer, defendant had a contingent interest in the recovery of damages against Farmer to the extent of its liability to plaintiff. Had defendant paid plaintiff the damages sustained under its policy that interest would have become a vested right to reimbursement from Farmer. Therefore, in the case at bar when plaintiff made a full and complete settlement with Farmer, a third party tortfeasor, and executed a full release for all claims for damages sustained in the collision he settled defendant's rights of subrogation and violated the contract of insurance upon which he sues. Under plaintiff's own evidence he cannot recover and judgment should have been directed for defendant.

In Home Ins. Co. of New York v. Smith, 235 Mo.App. 552, 140 S.W.2d 64, Judge Bennick, speaking for the St. Louis Court of Appeals, in a case where the Home Insurance Company of New York brought an action to recover back from defendant money paid under a policy of insurance, insuring against damages by collision on the ground that defendant, after the payment of such damages, made a full settlement with the third party tort-feasor, so as to have defeated plaintiff's right of subrogation under the contract providing that plaintiff be subrogated to the extent of such payment to all the right, claims and interest which defendant might have against said third party tort-feasor arising out of the collision, stated the law on page 67 of 140 S.W.2d of the opinion thus:

"While as a principle of equity, an insurer, upon payment of the loss, acquires the legal right to be subrogated pro tanto to the insured's right of action against the person responsible for the loss (Swift & Co. v. Wabash R. Co., 149 Mo.App. 526, 131 S.W. 124), plaintiff counts in this case upon conventional subrogation in the nature of an assignment, based upon the subroga-

tion clause of the policy, and evidenced by both the subrogation receipt and the subsequently executed loss and damage agreement. The right thus given by the policy was one of the conditions upon which plaintiff assumed the risk insured against; and inasmuch as its subrogation was limited to the extent that payment was made by it for a loss sustained by defendant within the coverage of the policy, the contractual obligation entered into between it and defendant was valid and enforceable. Mosby v. Aetna Insurance Co., 285 Mo. 242, 225 S.W. 715; Dick v. Franklin Fire Insurance Co., 10 Mo.App. 376, 386."

The court in this case held that where the insured received payment from the insurer and thereafter, without the insurer's knowledge or consent, settles with and releases the third party tort-feasor so as to defeat and destroy the insurer's right of subrogation, he violated his agreement with the insurer which had constituted a part of the consideration for the issuance of the policy, and may be compelled to return to the insurer the money received from the latter in the discharge of its liability under the policy. (See cases cited.)

We think it useless to cite more authority to support our opinion herein. That is, that when plaintiff made a settlement with Farmer, the third party tort-feasor, of his damages and executed the release shown in evidence without the knowledge and consent of defendant, he destroyed his rights to recover from defendant under the contract because he destroyed defendant's right of subrogation.

It is unnecessary to decide the other assignments of error. We hold plaintiff failed to make a submissible case. In fact, plaintiff's own testimony bars his right to recovery.

Judgment reversed with directions that the trial court enter judgment for defendant.

BLAIR and STONE, JJ., concur.