Clyde H. KILPATRICK, et al.,
Plaintiff-Respondent-Appellant,

v.

The HARTFORD FIRE INSURANCE COMPANY, INC.,
Defendant-Appellant-Respondent.

No. WD 36189.

Missouri Court of Appeals,
Western District.

Nov. 26, 1985.

Karl J. Madden, Jr., Moberly, for plaintiff-respondent-appellant.

Jeffrey O. Parshall, Knight, Ford, Wright, Atwill & Parshall, Columbia, for defendant-appellant-respondent.

Before SHANGLER, P.J., and TURNAGE and BERREY, JJ.

TURNAGE, Judge.

Clyde H. Kilpatrick brought suit against The Hartford Fire Insurance Company, Inc., on a fire insurance policy. Hartford denied liability on the ground that Kilpatrick was not the owner of the property at the time of the fire. Hartford also filed a counterclaim on three notes which Kilpatrick had given to a bank and which Hartford had purchased. The court directed a verdict in favor of Hartford on two of the notes and submitted Kilpatrick's claim under the fire insurance policy to the jury. The jury returned a verdict in favor of Kilpatrick in the face amount of the policy of $25,000.

Both parties have appealed. Kilpatrick contends he made a submissible case for damages and attorney fees for vexatious refusal to pay his claim and that Hartford had no right to purchase his notes. Hartford contends the court erred in giving an instruction. The judgment entered is affirmed with cause remanded on the issue of vexatious refusal to pay.

Kilpatrick owned a tract of land near Moberly on which was located a fireworks warehouse. Kilpatrick had purchased the real estate and warehouse in 1967. Sometime prior to 1975 and until the fire in 1977 Kilpatrick had carried insurance with Hartford and had paid the premiums.

The policy in question was issued to Kilpatrick on October 18, 1977, for a term of one year. A fire totally destroyed the building on September 4, 1978. Kilpatrick completed a proof of loss for Hartford in which he claimed to be the owner of the property and claimed the loss and damage to the property to be $45,000.

On receipt of the proof of loss Hartford searched the records and discovered a deed dated September 23, 1975 from Kilpatrick to Harry Bowman. Hartford thereupon denied the claim for the stated reason that Kilpatrick was not the owner of the property and therefore did not have an insurable interest.

The policy listed City Bank and Trust Company of Moberly as a mortgagee on the property. There is no evidence that Hartford made any further investigation to determine the ownership question beyond looking at the real estate records.

Kilpatrick testified that he gave his stepson, Bowman, a deed to the property as security for a loan of $5,000. He stated that he considered himself the owner after he gave the deed because he paid both the insurance premiums and the taxes and continued to occupy the property. Kilpatrick stated he had paid the loan but that Bowman did not deed the property back to him although Bowman would have done so at any time.

In August of 1972, Kilpatrick had given the bank a deed of trust on the property to secure a note. That note remained unpaid at the time of the fire. In addition, Kilpatrick gave the bank a note in May of 1978 which was also unpaid at the time of the fire. Kilpatrick gave the bank a third note which was foreclosed by Hartford after it had purchased the note from the bank. Thus, at the time of trial the property had been sold to satisfy one note but Hartford held two other notes that were not paid with a total balance of $19,461.70.

At trial Kilpatrick admitted that he owed the two notes held by Hartford and no issue was made as to Kilpatrick's liability on these. Accordingly, the court directed a verdict in favor of Hartford for the sum of $19,461.70.

Kilpatrick filed suit on the policy in July of 1980. Although Hartford filed an answer denying liability it did not tender the premium paid by Kilpatrick. It was not until October of 1980 that Hartford requested leave to amend its counterclaim to allege that Kilpatrick was due a credit on one of the two notes in the amount of $1,283 for the premium paid on the policy.

Kilpatrick contends that the court erred in directing a verdict on Hartford's counterclaim on the notes because Hartford did not have any right to purchase the notes from the bank and seek payment from Kilpatrick. The policy provides:

> If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage.

■ The court in *Mosby v. Aetna Insurance Co.*, 285 Mo. 242, 225 S.W. 715 (1920) was faced with a policy provision virtually identical to the policy provision now in question. The court stated that the parties were free to enter into such an agreement and that the authorities who had considered the question had uniformly upheld

and enforced such an agreement. 225 S.W. at 717[2]. In *Mosby,* as in this case, the insurer had purchased the note. Kilpatrick cites no authority for his challenge to the right of Hartford to purchase the notes and under *Mosby* the right to do so must be upheld.

When Hartford purchased the notes from the bank and sought payment of them from Kilpatrick, it had not paid any amount on the fire claim. The purchase of the notes by Hartford did not constitute payment of the fire insurance claim. Rather, by purchasing the notes and seeking payment from Kilpatrick, Hartford stood in the same position as any party who had purchased the notes and then sought to enforce payment. Since the claim had not been paid by the purchase of the notes, the court correctly entertained Kilpatrick's action on the policy.

Kilpatrick further contends that the court erred in directing a verdict in favor of Hartford on his claim for damages and attorneys fees for vexatious refusal to pay the claim. Hartford refused to pay solely on the ground that Kilpatrick had conveyed the title to the property in 1975 and was therefore not the owner at the time of the fire in 1978. There is no doubt that Hartford failed to make an investigation beyond the record in the recorder's office.

In *Knight v. Firemen's Insurance Co.,* 227 Mo.App. 426, 49 S.W.2d 682, 685[1–5] (1932), this court considered a claim under a fire insurance policy in which the insured had executed a deed to another person. The company refused to pay on the ground the insured was no longer the owner. This court held that the evidence was sufficient to show that the deed was not a deed absolute but was in fact a mortgage. This court further held that in such a situation the insured retained an equitable title and the policy was not void. In this case, Hartford did not introduce any evidence to contradict Kilpatrick's evidence that the deed to Bowman was in fact a mortgage and the jury found Kilpatrick was the owner of the property. In that circumstance Kilpatrick retained equitable title to the property, and this title was an insurable interest. Thus, Hartford did not have a viable defense on the ground that Kilpatrick had conveyed title to Bowman. Kilpatrick also retained an insurable interest in the property because of the deed of trust which he gave to the bank and on which he remained liable at the time of the fire. The presence of the bank's interest in the property is shown on the policy and Hartford certainly had notice that the bank had a mortgage interest in the property. The date on which Hartford purchased the notes from the bank is not shown in the record but it is clear the purchase was made after the fire. A mortgagor who remains liable on a note secured by the insured premises has an insurable interest and is entitled to maintain an action on the policy. *DeWitt v. American Family Mutual Insurance Co.,* 667 S.W.2d 700, 706[10] (Mo. banc 1984). Even a person with an ownership interest of less than the whole may recover the entire policy limits. *Id.* at 707[12–14].

Hartford contends that *DeWitt* expanded the definition of insurable interest and since *DeWitt* was decided after the loss in this case, Hartford cannot be charged with knowledge that Kilpatrick had an insurable interest in the property. *DeWitt* did not change the law and in support of its holding that a mortgagor retains an insurable interest in the property even after a conveyance cited cases decided in 1933 and 1976. Furthermore, as shown by the holding in *Knight, supra,* the law was settled in 1932 that a conveyance which may appear to be an absolute deed but which in fact is a mortgage does not deprive the person making the conveyance of an insurable interest in the property. The law was well settled at the time of this loss that Kilpatrick had an insurable interest both as a mortgagor who remained liable for the payment of the debt after a conveyance, and as one who retained an equitable interest after making a conveyance which was in fact a mortgage. It would not have required a great amount of investigation on the part of Hartford to have discovered

facts sufficient to convince it that Kilpatrick had a insurable interest under either of these theories.

A failure to promptly return the insurance premium when the defense is lack of insurable interest is evidence of bad faith on the part of the company. *Berry v. Federal Kemper Insurance Co.*, 621 S.W.2d 948, 954 (Mo.App.1981). To recover for vexatious delay it is only required that the evidence and circumstances be sufficient to support the conclusion that the refusal to pay was vexatious. *Id.* at 953[17–18].

Considering the only defense raised by Hartford was that Kilpatrick did not own the property, and the failure to tender the return of the premium for over two years after the fire, there is sufficient evidence to support a submission of vexatious refusal to pay the policy.

Hartford relies on *Meyer v. MFA Mutual Insurance Co.*, 543 S.W.2d 822 (Mo.App. 1976), to demonstrate that there is insufficient evidence to support a submission of vexatious delay. *Meyer* is distinguishable on its facts because the insured in that case did not pay the insurance premiums after the conveyance. There was also no evidence that the insured continued to exercise dominion over the property or paid the taxes. *Meyer* is not applicable to the facts in this case.

Hartford in its appeal contends that the court erred in instructing the jury that if it found for Kilpatrick it should assess his damages at $25,000. It contends the jury was free to award any sum it desired up to the policy limit. The sole issue submitted to the jury was whether or not Kilpatrick was the owner of the property. Hartford only submitted one instruction, which instructed the jury that if it found Kilpatrick was not the owner, the verdict should be in favor of Hartford. Kilpatrick's instruction required a finding of the issuance of the policy, the damage to the property by fire and that the policy was in force on the date of loss. There is no dispute that the building was completely destroyed and that the policy was in the face amount of $25,000. Hartford did not introduce any evidence that the property had depreciated in value from the time the policy was issued. Section 379.140, RSMo 1978, is the valued policy statute and provides that the company shall not be permitted to deny that the property insured was worth at the time of issuing the policy the full amount for which it was insured, less whatever depreciation the property may have sustained between the time of the issuance of the policy and the time of loss. The statute places the burden of proving depreciation upon the insurance company. Here there was no evidence of depreciation.

This court in *Hunt v. United States Fire Insurance Co. of New York*, 239 Mo.App. 625, 193 S.W.2d 778, 786[8, 9] (1946), upheld an instruction which instructed the jury to return a verdict in an amount which was the face amount of the policy if it found in favor of the plaintiff. This court stated there was no showing of depreciation and that under the statute the company was precluded from showing that the property was worth less than the amount of the policy. Hartford was precluded from showing that the property was worth less than $25,000 and while it could have shown depreciation in value, it did not. Thus, there was no question of the amount which the jury should return if it found for Kilpatrick because the only amount which could be awarded was the amount stated in the policy when the property was totally destroyed. Thus, the instruction was proper.

The judgment in favor of Kilpatrick in the amount of $25,000 and the judgment in favor of Hartford in the amount of $19,-461.70 is affirmed. The court should enter a judgment in favor of Kilpatrick for the amount of the difference due him. The judgment in favor of Hartford on the claim of vexatious refusal to pay is reversed and this cause is remanded for a new trial only on the issue of vexatious refusal to pay. Costs are assessed against Hartford.

All concur.