**Richard SADLER and Christine Sadler, Appellants,**

v.

**HOME SAVINGS OF AMERICA and State Farm Fire and Casualty Company, Respondents.**

No. 51959.

Missouri Court of Appeals, Eastern District, Division One.

July 28, 1987.

Donald V. Nangle, St. Louis, for appellants.

Robert W. Henry, Daniel F. Wagner, Jr., Daniel E. Wilke, Clayton, for respondents.

CRIST, Judge.

Richard and Christine Sadler (homeowners) appeal from the trial court order dismissing their cause of action with prejudice. We affirm in part, and reverse and remand in part.

Homeowners' residential property was encumbered by a deed of trust to respondent Home Savings of America (bank). By the terms of that mortgage homeowners insured the residence against casualty loss. The insurer was respondent State Farm Fire and Casualty Company (insurer) and the policy named bank as loss payee.

On January 13, 1984, the home was substantially destroyed by fire. Insurer refused to pay on homeowners' claim alleging homeowners were responsible for the fire. Insurer tendered $107,898.21 to bank after the fire, purportedly as payment for an assignment of the deed of trust.

Homeowners claim the payment to the bank was an indemnification in satisfaction of the note. Based on this belief, homeowners brought suit to quiet title to the property naming bank and insurer as defendants. Insurer counterclaimed for money due under the note, and counter and crossclaimed for a declaration the assignment was proper.

After homeowners presented their case in chief, the court granted respondents' motions for dismissal under Rule 67.02. In dismissing homeowners' claim the court found "a full assignment and transfer of the mortgage (deed of trust) as collateral to the mortgage debt as provided in the policy of insurance." After the dismissal, bank made a motion requesting the dismissal be made final and indicating its belief insurer's equity claim (for a declaration of assignment) was made moot by the dismissal. On June 26, 1986, this motion was granted and the trial court declared the dismissal with prejudice of homeowners' cause to be a final judgment for purposes of appeal. Insurer's counterclaim against homeowners for money due on the note remained to be tried and was transferred to the law docket for trial by jury.

■ The procedural posture of this case raises the issue of appealability. The dismissal of homeowners' cause of action on the ground the assignment was valid leaves undecided the respective rights of insurer and homeowners to the property. The trial court did designate the dismissal as final, however, so we accept the appeal. *Speck v. Union Electric Co.*, 731 S.W.2d 16, 20 (Mo. banc 1987).

The status of the case on appeal is (1) a dismissal of homeowners' quiet title action against bank, (2) a dismissal of homeowners' quiet title action against insurer, and (3) a transfer of insurer's counterclaim on the mortgage to the law docket.

■ Upon finding the assignment was valid the trial court was correct in dismissing homeowners' action against bank. The deed of trust contained a union mortgage clause authorizing bank to assign the mortgage. The evidence supported finding an assignment. *See Crewse v. Shelter Mut. Ins. Co.*, 706 S.W.2d 35, 43[10] (Mo.App. 1985); *Kilpatrick v. Hartford Fire Ins. Co.*, 701 S.W.2d 755, 757–58[1] (Mo.App. 1985). Once bank assigned the deed of trust it no longer had any interest in the property and was properly dismissed. *Baxter v. Vasquez*, 501 S.W.2d 201, 207[12] (Mo.App.1973).

■ The dismissal of homeowners' action against insurer, however, is not as clearcut. Upon assuming the deed of trust pursuant to its policy, insurer stood in a dual relationship to homeowners; obligor under the insurance policy to pay any valid claims, and obligee as to money due under the deed of trust. This dual relationship, especially since it arose after the fire, means insurer did not assume the deed of trust in an arm's length transaction. *See Goetz v. Selsor*, 628 S.W.2d 404, 405[2] (Mo.App.1982).

■ Insurer admitted at oral argument that it will not be able to collect on the mortgage if homeowners' did not destroy the residence by arson. And, in an action on the policy it is the insurer's burden to prove the arson. *Francka v. Fire Insur-*

*ance Exchange*, 668 S.W.2d 189, 190[2] (Mo.App.1984).

As explained above, insurer did not acquire the deed of trust in an arm's length transaction, thus it does not stand in the same shoes as bank. *See Goetz*, 628 S.W.2d at 405[2], and *Moore v. John J. Dowling Realty Co.*, 186 S.W.2d 519, 522[1] (Mo.App. 1945). The issue of liability of insurer on the fire policy is directly related to the issue of liability of homeowners on the note and deed of trust. Unlike in *Crewse v. Shelter Mut. Ins. Co.*, 706 S.W.2d 35 (Mo.App.1985), and *Kilpatrick v. Hartford Fire Insurance Co.*, 701 S.W.2d 755 (Mo.App.1985) here the issue of coverage under the fire insurance policy has not been adjudicated, and that must be done before title can be quieted as between insurer and homeowners.

■ In a quiet title action the court is required to adjudicate the parties' respective interests even if the party who brought suit failed to establish a claim to the title. *Calvert v. Latimer*, 670 S.W.2d 588, 590[3] (Mo.App.1984). The court's determination that the assignment of the deed of trust was valid did not determine fully the rights as between homeowners and insurer. When title to property is at issue a general judgment of dismissal without determination of title is improper. *Baldwin v. Black*, 618 S.W.2d 730, 730[2] (Mo.App.1981).

On appeal homeowners also asserted it was error to fail to quiet title in homeowners. In light of our above holdings, we do not need to reach this second allegation.

Insurer asserts in its brief that this appeal should be dismissed as untimely. It is in error. The point is denied.

Judgment dismissing homeowners' action to quiet title as to bank affirmed; judgment dismissing homeowners' action to quiet title as to insurer reversed and remanded.

SATZ, C.J., and KELLY, J. concur.